Board of Councilmen of City of Frankfort et al v. Murray.

CASE 69—PETITION EQUITY—JUNE 10.

# Board of Councilmen of City of Frankfort et al v. Murray.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. STREET IMPROVEMENT—VALIDITY OF ORDINANCE.—An ordinance passed by the common council of a city of the third class, requiring owners of certain property to construct sidewalks, curbing and gutter-ways in front thereof, within thirty days, thereby giving the owners an opportunity to do the work themselves before letting it out by contract to others is not violative of the provisions of the charter (Sections 3449 and 3450 Kentucky Statutes,) that the council may pass ordinances to require the improvement of streets at the cost of the abutting owner, and that upon the passage of such ordinance it shall be the duty of the mayor to enter into a contract with any person offering to do the work on the best terms, etc.

2. SAME.—An ordinance locating the streets to be improved, and sufficiently designating the lots and parts of lots, and providing that the side walks were to be of "brick and curbed with stone and provided with stone gutter-ways; the sidewalks to be eight feet wide from the line of the respective lots to the inside line of the curbing, and to be at the grade or elevation heretofore fixed by the city engineer and adopted by this board, and as shown and established by stakes already set in front of said respective lots or parts of lots," is a sufficient compliance with the provision in the charter requiring that such an ordinance shall "fully declare and prescribe the kind and extent of improvements to be made."

3. DELEGATION OF LEGISLATIVE POWER.—The ordinance is not invalid because the kind of stone and its thickness and width are not prescribed; some of the details of this kind of work may properly be left to the city engineer, without a violation of the law, forbidding the delegation of legislative power.

HUGH RODMAN and W. H. JULIAN for appellants.

1. The city charter was not only substantially but literally complied with; the appellee knew that improvements were being made all the time and raised no objection until he was called upon to pay, and he should reimburse the city.  (Fox v. Middlesborough Town Co., 16 Ky. Law Rep., 455; Embry v. San Francisco Gas Co., 28 Cal., 372; Elliott on Roads and Streets, pages 415, 416, 420.)

GEO. C. DRANE for appellee.

1. The ordinance in question is invalid because it orders and directs the *lot owners* "to cause good and sufficient sidewalks to be laid in front of their respective lots," which is violative of section 172 of the charter for cities of the third class, which provides that "upon the passage of an ordinance requiring the improvement of streets or alleys or parts thereof, it shall be the duty of the mayor to enter into a contract with any person or persons offering or agreeing to do the work required to be done by such ordinance upon the best and most advantageous terms."

2. The provision in general terms in the ordinance that the sidewalks are "to be paved with brick and curbed with stone, and provided with stone gutter-ways, and said sidewalks to be eight feet wide from the line of the respective lots to the inside line of the curbing," is not a compliance with the provision of section 171 of the charter that such ordinance "shall fully declare and prescribe the kind and extent of improvements to be made;" under that provision the ordinance should have prescribed the kind of stone to be used in curbing and guttering, whether dressed or undressed, the thickness and width of the stone, and the mode of construction, etc.

3. The ordinance delegated to the city engineer the authority to direct and control the mode and manner of the work, and is therefore invalid because it is an attempted delegation of legislative power.  (Hydes v. Joyce, 4 Bush, 464.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The common council of the city of Frankfort, a city of the third class, adopted an ordinance requiring the appellee and other owners of certain described property, within thirty days, to construct sidewalks, curbing and gutter ways,

of a particular description, in front of their respective lots.

The appellee, failing for the time indicated to comply with the ordinance after notice of its passage, the mayor, after advertisement as provided by law, contracted for the construction of the work with the appellant, Noonan, which contract was ratified by the council. The work was thereupon completed under the supervision of the mayor and engineer, and the cost apportioned among the property owners as required by the charter of the city. The board approved the estimates and apportionment, but the appellee, insisting that the ordinance is invalid, refuses to pay the assessment against him of $138.60.

The ordinance is alleged to be invalid because not in accordance with the provisions of the city charter.

Section 3449 of the Kentucky Statutes provides that the common council shall have power to pass ordinances to require the improvement of streets and alleys, subject to the mode and manner herein designated, either by grading and paving or by grading, paving and macadamizing at the cost of the owner or owners of the ground fronting such improvement, and the cost of such improvement to be apportioned according to the number of feet front each may own, etc.

Section 3450 provides that "upon the passage of any ordinance requiring the improvement of streets and alleys or parts thereof it shall be the duty of the mayor to enter into a contract with any person or persons offering or agreeing to do the work required to be done by such ordinance upon the best and most advantageous terms," etc.

The contention of appellee is that the ordinance is violative of the law, in that it requires *the lot owners* to construct the improvement in front of their respective lots, when the section quoted does not authorize the council to so require,

but on the contrary provides that upon the passage of the ordinance the mayor shall enter into a contract with any person, etc.

The trial court seems to have been of that opinion. At any rate it sustained a demurrer to the petition seeking to enforce the lien provided by the statute up on the ground, as argued by appellee's counsel, that the ordinance was invalid because it did not conform to the sections quoted. We can not reach this conclusion.

It may be that the council may require the improvement to be done at the cost of the owner under the mayor's contract with some other person without affording the owner an opportunity of doing it himself, and we are inclined to think that the law admits such a construction. But it does not follow because such an opportunity is afforded by the ordinance that the owner can complain. Very serious complaint is often urged in cases of this kind because such an opportunity is not given, and with a better show of reason than where the owner is given a chance to do the work himself. Besides, the work here has in fact been done, and done under the mayor's contract with Noonan, after approval by the council, as required by the charter.

It is also argued by counsel that the ordinance does not "fully declare and prescribe the kind and extent of improvement to be made." (Section 3449.)

An inspection of the ordinance, however, shows a substantial compliance with this provision. In Hydes & Goose, &c. v. Joyes, 4 Bush, 264, a case relied on by counsel, the ordinance provided that certain sidewalks, "or such portions of said sidewalks as the city engineer may direct, be graded and paved at the costs of the owners of property binding thereon, said work to be done subject to the supervision and

control of the city engineer," etc. And this court held it invalid because it was an attempted delegation of legislative power. The engineer might have determined, the court reasoned, to pave one portion with brick, one with stone and another with plank without transcending his authority, though such an ordinance could hardly have received any support in the legislative body of the city. Here the location of the streets to be improved, and the lots and parts of lots of the owners were sufficiently designated in the ordinance, and the sidewalks were to be of "brick and curbed with stone and provided with stone gutterways, the sidewalk to be eight feet wide from the line of the respective lots to the inside line of the curbing, and to be at the grade or elevation heretofore fixed by the city engineer and adopted by this board, and as shown and established by stakes already set in front of said respective lots or parts of lots."

We do not think the ordinance is invalid because the kind of stone and its thickness and width are not prescribed. Some of the details of this kind of work may properly be left to the city engineer without a violation of the law forbidding the delegation of legislative power.

In our opinion, therefore, the petition of the appellant states a good cause of action under the provisions of the statutes, and the demurrer ought to have been overruled.

Judgment reversed for proceedings consistent with this opinion.