CASE 25—STREET ASSESSMENTS.—MARCH 17.

## Hackworth v. Louisville Artificial Stone Co. Same v. O'Leary.

APPEAL FROM SHELBY CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—CITIES OF FOURTH CLASS—STREET IMPROVEMENTS.—An ordinance for reconstructing side-walks which provides that the improvement shall be "constructed by putting in five-inch stone curbing in pieces not less than two feet long and two feet wide, the side-walk to be ten feet wide, exclusive of curbing, to be made of granitoid," is sufficiently specific.

2. SAME.—Cities of the fourth class have power to have side-walks constructed and reconstructed at the expense of the abutting lot owner.

Hackworth v. Louisville Artificial Stone Co.   Same v. O'Leary.

3. SAME—LIFE TENANT AND REMAINDERMAN.—The cost of the recon-
struction of a worn-out side-walk is not to be apportioned be-
tween a tenant by the courtesy and the remainderman, but the
entire cost is to be borne by the former.

4. SAME—DAMAGE BY CHANGE OF GRADE.—The evidence fails to
show any change of grade and resulting damage to the lot owner.

G. G. GILBERT FOR THE APPELLANT.

Counsel contended that the judgment below must be reversed:

1. Because the city pretended by its notice to afford appel-
lant an opportunity to build tne pavement himself, and yet de-
nies him that opportunity by failing to have any plans or specifi-
cations by which he could do the work.

2. The ordinance is void because it did not fix the grade of the
street or pavement.

3. Because there is no allegation or proof that the ordinance
was ever published as required by the charter.

4. Because the entire burden of this improvement is placed
upon the life tenant, and none of it upon the estate in re-
mainder.

5. Because the mayor in the terms of the advertisement and
letting departed from the terms prescribed in the terms of the
ordinance.

6. Because by the terms of the charter, public ways are to be
reconstructed at the cost of the city. Ky. Stats., sec. 3565. And
public ways are defined to include side-walks by the charter,
Ky. Stats., sec. 3560.

7. The ordinance requiring this pavement to be built also re-
quired the owners to be notified. The owners in this case,
Hackworth's children, were not notified at all.

8. The grade of the street and pavement were materially
changed without any authority of the city.

9. The contract was let, to put in new curbstones and the
price of new curbstones was charged, and yet the contractor,
O'Leary merely repaired the old curbing.

Citations:   Hydes, &c., v. Joyes, 4 Bush, 464; Ky. Stats., secs.
3565, 3560, 3563, 3487; Presbyterian Church v. Fithian, &c., 16
Ky. Law Rep., 581; Daviess v. Myers, 13 B. Mon., 511; City of
Henderson v. Lambert, 14 Bush, 28; McGraw v. City of Marion,
17 Ky Law Rep., 1255; Fehler v. Gosnell, 18 Ky. Law Rep., 239.

L. C. WILLIS FOR THE APPELLEE.

1. The city has the right and authority to order side-walks constructed or reconstructed and fix the cost thereof upon the abutting lot owners. Loeser v. Redd, 14 Bush, 18; Starling v. City of Hopkinsville, 12 Ky. Law Rep., 558; Droege v. Woods, 14 Ky. Law Rep., 431; Purdy v. Drake, 17 Ky. Law Rep., 819; Board of Councilmen of Frankfort v. Murray, 18 Ky. Law Rep., 279; Ky. Stats., secs. 3565, 3566, 3560.

2. The specifications of the pavement were sufficiently definite. The term "granitoid" has a fixed and definite meaning, which any man with ordinary intelligence could ascertain. Board of Councilmen of Frankfort v. Murray, 18 Ky. Law Rep., 279; 24 Am. & Ency. of Law, 58, citing State v. New Brunswick, 30 N. J. L., 395; and note to page 59, citing Adams v. Quincy, 130 Ill., 560; and note to page 60, citing Harney v. Heller, 47 Cal., 15 A life tenant should bear the burden of reconstruction in a case like this. Dillon on Mun. Corps., sec. 798; 24 Am. & Eng. Ency. of Law, 72, citing Keller v. Stanley, 86 Ky., 242.

3. The question whether the work was necessary or not, or whether it was properly done or not, was a question for the city council to determine. Town of West Covington v. Schultz, 16 Ky Law Rep., 831; Purdy v. Drake, 17 Ky. Law Rep., 819.

4. The grade was not changed.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The facts being substantially the same in these two cases, by consent of parties they are heard together. Both are suits upon apportionment warrants issued to appellees by the city council of Shelbyville for the cost of curbing and sidewalk in front of a lot owned by appellant, constructed under a contract with the city made pursuant to an ordinance, regularly approved, authorizing the letting of the work.

Appellant resists payment on several grounds. The city council adopted an ordinance requiring appellant and other owners of certain described property within a specified time to construct sidewalks and curbing of a particular description in front of their respective lots.

The ordinance setting out the work to be done says: "Said sidewalk is to be constructed by putting in 5-inch stone curbing, in pieces not less than two feet long and two feet wide; the sidewalk to be ten feet wide, exclusive of curbing, and to be made of granitoid."

There was no attempt to change or alter the grade of the street. The ordinance was simply requiring the property holders to reconstruct their pavements, and seems to us to be sufficiently specific and definite. The testimony shows that "granitoid" is a peculiar character of pavement, which is sufficiently indicated by its name.

Section 3569, Kentucky Statutes, provides that "in all actions to enforce liens, as authorized by this act, a copy of the ordinance authorizing the improvement or work, a copy of the contract therefor, and a copy of the apportionment, each attested by the clerk of the board of councilmen, shall be *prima facie* evidence of the due passage and approval of the contract, and of every other fact necessary to be established by the plaintiff in such action to entitle him to the relief authorized to be given in this act."

The testimony shows that the ordinance requiring the pavement to be built was published in a newspaper for the time required by the charter. There can be no question that the city authorities have the right to order sidewalks constructed or reconstructed, and to require payment therefor from the abutting lot-owners. See section 3566, Kentucky Statutes; Loeser v. Redd, 14 Bush, 18; Purdy v. Drake, 17 Ky. L. R., 819, [32 S. W., 939]; and Board of Councilmen of Frankfort v. Murray, 99 Ky., 422, [36 S. W., 180].

Another alleged error relied on is that the judgment for the whole of the cost of the improvement is against the interest of the life tenant.

Defendant, as tenant by the curtesy, has possession and is in the enjoyment of all the rents and profits accruing from the buildings on these lots, and while the rule is well settled that the burden of paying for the improvement of a street by original construction, which adds permanently to the value of abutting lots, must be apportioned between the estate of the life tenant and the remainder-man, we are of the opinion that the work sued for in this action is not the character of work to which this principle applies. The old pavement had been worn out by long use, and defendant was required to pay only for putting down a new one. The improvement was more in the nature of a repair, like putting on a roof, or doing any act which is necessary to preserve the property and prevent its decay. A good pavement in front of a business house is as essential to its use and enjoyment as that the building should be kept painted and under roof. The cost of the repair seems to be reasonable, and we are of the opinion that it should be paid for by the life tenant.

The proof fails to support the contention of appellant that he has suffered injury as a result of changing the grade in constructing the new pavement. In fact, the proof is conclusive that there has been no change in the grade, so far as the curbing is concerned. The only change was to reduce the slant along a portion of the pavement so as to make it level, and in conformity with the remainder of the sidewalk. For the reasons indicated the judgment is affirmed.