**J. K. GAUGH, Committee for Leonard J. Hambrick, Appellant,**

v.

**Katherine GATEWOOD et al., Appellees.**

Court of Appeals of Kentucky.

April 17, 1964.

Rehearing Denied Sept. 18, 1964.

E. Durward Weldon, Georgetown, for appellant.

Marion Rider, Frankfort, Bradley & Bradley, Georgetown, for appellee.

STEWART, Judge.

Appellant, J. K. Gaugh as committee for Leonard J. Hambrick, filed this action on behalf of his ward, who is an incompetent person. Hambrick owns a life estate in a tract of 10½ acres known as "the fairgrounds farm." Appellees are the remaindermen under the will of Hambrick's deceased wife.

The fairgrounds farm abuts for 336 feet on a public street known as Highland Court in the City of Georgetown. In 1960 that city proceeded to construct and reconstruct a portion of Highland Court with high type improvements consisting of an asphalt pavement and permanent storm sewer facilities. In 1961 it levied a street improvement tax upon the property in the sum of $1661.07. The entire amount became due in a lump sum, as there was no provision for installment payments.

The life tenant was 84 years of age in 1961 and his annual income from the fairgrounds farm is approximately $1200, which accrues principally from the sale of tobacco; In addition, he receives house rent in the sum of $50 per month and lot rent in the amount of $400 per annum. Hambrick is confined in the Eastern State Hospital at Lexington and his obligations for his monthly care of $127.50 and for taking care of ad valorem taxes, insurance and upkeep on the property consume most of his income.

A declaratory judgment was sought by appellant, his committee, to determine whether the life tenant or the remaindermen became liable for the payment of the street and sewer improvement assessments on the real estate owned by the parties. The circuit court decreed the life tenant liable for the entire amount of the assessments, and from the judgment entered appellant has prosecuted this appeal.

In all but a few jurisdictions, the rule seems to be well settled that, if the public improvement made by a municipality or other local political subdivision affecting real estate, is permanent in nature the cost of the special assessment thereafter imposed on the property should not be borne entirely by the life tenant but the remainderman should pay some portion thereof. The basic reason advanced for relieving a life interest from the entire cost of a special assessment for a permanent improvement, or from the cost of one which outlasts the life interest in duration, is that the special assessment levied for such public improvement is different in nature from an ordinary annual tax. See 33 Am.Jur., Life Estates, Remainders, etc., sec. 460, p. 992.

33 Am.Jur., on the same subject, in the same section and on the same page, states thus as to what may constitute a public improvement placed by a municipality as a lien on real property: "Permanent public improvements have, among other types of activity, been held in some cases to include the opening, widening, grading, and paving of streets and highways, the construction of a sewer or drainage ditch, and in some jurisdictions the paving of a sidewalk, although in other states such sidewalk paving is regarded as an improvement of a temporary character."

In Hackworth v. Louisville Artificial Stone Co., 106 Ky. 234, 50 S.W. 33, an early case decided in 1899, this Court determined that the replacement of a sidewalk in front of a business house was a *repair* for which the life tenant should pay. (Emphasis added.) However, the opinion stated that "the burden of paying for the improvement of a street by original construction, which adds permanently to the value of abutting lots, must be apportioned between the estate of the life tenant and the remainder-man."

In 1901 in Brodie v. Parsons, 64 S.W. 426, 23 Ky.Law Rep. 831, the Court held, citing the Hackworth case, that the life tenant must pay the cost of reconstructing a sidewalk where the old one had been worn out by long use, stating that the improvement was in the nature of a repair essential to the proper enjoyment of the property. The general rule was again recognized. In 1907 in Delker v. City of Owensboro, 98 S.W. 1031, 30 Ky.Law Rep. 440, it was held the life estate was primarily liable for the cost of replacing a worn-out sidewalk in front of the land. The Court of Appeals in the latter cited the Hackworth case but distinguished a sidewalk from a permanent street improvement.

In 1932 Thomas v. Thomas' Guardian et al., 244 Ky. 724, 51 S.W.2d 949, involved the question of sewer and street assessments, and the Court, citing the Hackworth and Delker cases as authority, ruled the life tenant alone responsible for the entire cost of constructing streets, sidewalks or sewers. In 1938 in the case of Vaughn v. Metcalf, 274 Ky. 379, 118 S.W.2d 727, only the question of who should pay ad valorem taxes was in issue and this Court, relying upon the Thomas and Delker cases, included a statement by way of dictum in the opinion that the life tenant was liable alone not only for the payment of ad valorem taxes, but for all street improvement assessments.

It would thus appear the Thomas case is the only decision that sets its face squarely against the principle laid down in the Hackworth case. Actually, the former misconstrued the holding in the latter opinion, because the Hackworth case recognized that a life tenant should not be charged with the whole amount of an assessment for a public improvement that is permanent. We therefore conclude this Court in the Thomas case fell into error and that the rule recited in the Hackworth case should be reaffirmed and prevail henceforth.

In most of the cases an equitable apportionment of some sort whereby the life tenant and remainderman share the burden in proportion to their respective interests, as nearly as they can be determined under the varying circumstances of such

cases, has been effected or at least has been regarded as proper. The courts have generally found it unnecessary to attempt to lay down any stricter rule than that an equitable apportionment should be made which should take into proper consideration the probable duration of the improvement as compared with the life expectancy of the life tenant. See Annotation, 83 A.L. R. 797, 798.

Wherefore, the judgment is reversed and the case is remanded for further proceedings in conformity with this opinion.