CASE 71—ACTION BY THE CITY OF LOUISVILLE AGAINST OSCAR FENLEY
AND OTHERS TO RECOVER CITY TAXES ON REAL ESTATE.—JAN. 27.

# Fenley, &c. v. City of Louisville.

# Same v. Same

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 1—
SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  REVERSED.

MUNICIPAL  CORPORATIONS—LOCAL  IMPROVEMENTS—TAX  BILLS—ES-
TATES LIABLE—PARTICULAR ESTATES AND REMAINDERS—ACTIONS—
PLEADINGS—EXHIBITS—EFFECT.

1. Under Kentucky Statutes 1903, section 2990, providing that, where
remainders and reversions are outstanding, the holder of the
particular estate shall be assessed with the words "holder of
the present estate" added to his name, and section 2996, pro-
viding that authenticated tax bills shall be *prima facie* proof
that all steps have been taken to constitute a valid tax bill
against the person and property therein named, a recital in a
tax bill against A. and B. that A. is "holder present estate"
controls an allegation of a pleading, with which it is filed as
an exhibit, that A. and B. are joint owners of the land, and
shows instead that A. is the holder of the particular estate and
B. the remainderman.

2. Where the life tenant is not brought before the court in a suit
against the remainderman on a tax bill, no interest of the life
tenant passes under the judgment or sale.

3. Where both a life estate and an estate in remainder coexist in
land subject to a tax bill, the particular estate is primarily lia-
ble for the claim, and the tenant thereof should be brought
before the court, and his interest first sold, so that the re-
mainderman may protect himself by buying in the life estate,
instead of first selling the remainder interest, and leaving the
holder of the particular estate in full possession of his prop-
erty free from the tax lien.

W. O. HARRIS, ATTORNEY FOR APPELLANTS.

We submit that the judgment is erroneous:

(1)  Because it sells the property of Fenley and wife for a
head tax against Johnson.

570 . KENTUCKY REPORTS. [Vol. 119

Fenley, &c. v. City of Louisville. Same v. Same.

.(2) Because it sells the property of Fenley and wife on an assessment made against Johnson alone, without service of process against Johnson, and under a judgment rendered when Johnson was dead. Payne v. Arthur, 16 R., 784; Ky. Stat., sec. 2990.

H. L. STONE, CITY ATTORNEY, FOR APPELLEE.

While the judgment was doubtless erroneous when rendered, it is not void. The Civil Code points out and describes the remedy whereby such a judgment may be set aside on account of the error in rendering the same before the action stood regularly for trial. This is an exclusive remedy. The appellants did not avail themselves of it, and they can not now have said judgment reversed by an appeal.

### AUTHORITIES CITED.

Civil Code, sec. 517, subsec. 1; Ky. Stat., sec. 2991; City of Louisville v. Woolley, 24 R., 1357; Husbands v. City of Paducah, 4 R., 992; 5 R., 193; City of Frankfort v. Farmers' Bank of Ky., 61 S. W., 468; Payne v. Arthur, 16 R., 784; Bullitt v. Com., 14 Bush, 74; Seiler v. Northern Bank of Ky., 86 Ky., 135.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted in the Jefferson circuit court, ·chancery division, for the purpose of recovering against William Johnson and Mary E. Fenley and Oscar Fenley, her husband, municipal taxes for the years 1895, 1896, 1897, and 1898 on a parcel of land 57 by 92 feet, with improvements thereon, on the southeast corner of Green and Floyd streets, being lot No. 1 in block 75 on the city assessor's maps. It is alleged in the petition that the above-named persons were, on the 1st day of September of each of the years 1894, 1895, 1896, and 1897, the owners and holders of the land and improvements above described; but in each of the four paragraphs it is alleged that the land was assessed as the property of "William Johnson," etc. The original tax bills for the four years, authenticated as by law required, are filed as

exhibits with the petition, and made part of the pleading. These tax bills show that the property was assessed in the name of William Johnson, "holder present estate." Process was issued against all of the defendants, and served on Mary E. Fenley and her husband, Oscar Fenley, but not on William Johnson. No answer was made by Fenley and wife, and, after the expiration of the time allowed by law for answer, the case was submitted, and judgment by default entered against them for the full amount of the taxes for the various years as shown by the bills, with accrued interest and costs. It was further adjudged that the city had a lien upon the land and the improvements described in the petition, and this was enforced, and the property ordered to be sold by the commissioner for the satisfaction of the judgment. This was afterward done, and the city became the purchaser for the tax claim ascertained to be due it—$340.99—although the property was appraised at the sum of $4,300. From this judgment Fenley and wife have appealed.

There seems to be a substantial variance between the allegations of the petition and the tax bills filed as exhibits, the allegations of the pleading being that Johnson and Mary E. Fenley were joint owners of the land, but the tax bills show that Johnson was the holder of a life estate, with remainder to Mary E. Fenley. Section 2990, Kentucky Statutes, 1903 (charter of cities of the first class), provides that "where remainders and reversions of future estates are outstanding, the holder of the particular estate shall be assessed with the words 'holder of the present estate' added to his name." Section 2996 provides, among other things, that "each bill shall be authenticated by the assessor by his signature, or a stamped fac simile thereof, and when so authenticated, it shall be *prima facie* proof that all steps have been taken to make it a binding tax bill for the amounts and purposes, and

against the person and property therein named or described."
The tax bills, therefore, as said before, show that Johnson
was the holder of the particular estate, and Mary E. Fenley
was remainderman. The rule is that where the allegations
of a pleading are contradicted by the exhibits filed, the latter
control. Union Boiler and Tube Cleaner Co. v. Louisville
Railway Co., 74 S. W., 1056, 25 Ky. Law Rep., 122; New-
man's Pleading and Practice, 252, and cases there cited. The
question, then, presented is whether or not it was error to
sell the remainder interest for the taxes primarily due from
the holder of the particular estate. This very question arose
in Dumesnil v. City of Louisville, 2 Ky. Law Rep., 431,
wherein it was said: "In case 193, the chancellor, at the
time the cross-petition of the city was filed, had no jurisdic-
tion to sell the real estate for the payment of taxes, and,
besides, if the jurisdiction subsequently attached, the life
tenants were liable for the taxes, and that interest should
have been subjected, and not the interest of the infants. The
remainderman has neither rents nor profits, nor the right to
the enjoyment of the estate; and we see no justice or equity
in having the interest of the party in remainder sold until
the estate of the life tenant is exhausted. Nor will the al-
legation that the life estate is insufficient authorize a sale
of the remainder. It must appear that the life tenant has
no other property out of which the taxes could be made. The
tenant for life is primarily liable, and why should the chan-
cellor subject the estate of the remainderman to the payment
of the taxes when the party primarily liable is able to pay,
and especially when those in remainder are infants or mar-
ried women, and when no possible injury can result there-
from to the city?" Also, Johnson v. Smith, 5 Bush, 102.
As Johnson was not before the court, no interest of his passed
under the judgment or sale. It therefore results that the

remainder interest alone has been sold to satisfy a claim for which it was, at furthest, only secondarily liable. We are not called upon to decide, and we do not decide, that the city has not a lien to secure its taxes upon the fee-simple estate (section 3006, Ky. Stat., 1903) ; but we are of opinion that in all fairness and justice to the remainderman the holder of the particular estate should be brought before the court, and his interest first sold, so that the remainderman could protect himself by buying in the life estate, and not, as in this case, sell the remainder interest, and leave the real debtor, the holder of the particular estate, in full possession of his property, free from any lien for taxes—that having been paid off by the sale of the remainder. No better illus. tration of the injustice arising from the error pointed out in the sale of the property in this case could be made than the result of this particular sale. The remainder interest in property, worth $4,300 is put up at public outcry, and purchased by the plaintiff for the amount of its debt—$340.99; whereas, if the life estate had been first put up, the remainderman could have forced the life tenant to buy in his estate, and thus pay the taxes he owed; or she could have purchased his estate, and in this way paid the city its debt, and afterward owned the fee simple.

For the foregoing reasons the judgment is reversed for proceedings consistent with this opinion.