Case 18.—ACTION BY PHILIP RISSBERGER AGAINST ELI H. BROWN AND THE CITY OF LOUISVILLE TO RECOVER TAXES,—March 16.

## Rissberger v. Brown, &c.

Appeal from Jefferson Circuit Court, Chancery Branch (1st Division).

SHACKELFORD MILLER, Judge.

From the judgment rendered plaintiff appeals. Reversed.

Municipal Taxes—Judgment—Life Tenant— Parties — Where the city had property assessed for taxes against the husband, who was the life tenant, no interest of the remainderman can be subjected to the payment thereof where the remainderman was not a party defendant to the action for the taxes, and the city was entitled out of the fund in court only to the interest of the life tenant therein.

R. T. COLESTON for appellant.

HENRY L. STONE for appellee, city of Louisville.

OPINION BY JUDGE BARKER—Reversing.

Eli H. Brown, Sr., and his wife, Nancy W. Brown in 1881 mortgaged a lot of ground and the improvements thereon, in Louisville, to the appellant, Philip Rissberger, to secure the payment of a note of even date with the mortgage for the sum of $2,000. In 1885 Nancy W. Brown, the owner of the property, died, leaving her husband and four children surviving

her.   Afterwards one of these died.   Eli H. Brown, Sr., who, upon the death of his wife, became the life tenant of the .estate, seems to have kept the interest upon the debt to Rissberger paid up until 1898, when he made default, but wholly failed to pay either the State or city taxes on the property.   In 1899 the appellant instituted this action for a judgment for his debt and an enforcement of his lien upon the property. To this action Eli H. Brown, Sr., and Elizabeth Brown, his second wife, Eli H. Brown, Jr., W. Dorsey Brown and Sarah E. Brown, children and heirs-at-law of Nancy W. Brown, the first wife, were made parties defendant, and properly brought before the court.   On May 4, 1901, a judgment of foreclosure was duly entered, and on June 3d of the same year a sale of the property was had in pursuance of the terms of the judgment.   At this sale Eli H. Brown, Jr., became the purchaser of the property for the sum of $2,730, which he afterwards paid into court under a written agreement with the city of Louisville that it would look to the fund in court for the payment of all unpaid municipal taxes.   This order was entered, and a deed made to the purchaser free of lien, and all questions of priority of lien between appellant, Rissberger, and the city of Louisville attached to the fund in court in lieu of the property sold.   In 1891 the city of Louisville instituted an action (No. 44,441) against Eli H. Brown, Sr., and Nancy W. Brown, his wife, to recover its taxes on the property in question for the years 1885, 1886, 1887, 1889, and 1890.   The husband was properly served with process, the wife being dead, as before stated.   In 1896 the city instituted another action (No. 10, 091) for the taxes for the year 1891.   In 1898, it instituted a third action (No. 19,419) to recover the taxes for the year 1894, and in 1899 it instituted a fourth action (No. 21,730) to re-

cover taxes for the years 1895, 1897 and 1898. In
none of these cases were the children and heirs of
Nancy W. Brown made parties defendant. On the
7th day of March, 1903, the chancellor entered an
order consolidating all of the tax suits with appel-
lant's action to foreclose his mortgage, and required
the consolidated litigation to be thereafter prosecuted
under the name and style of "Phillip Rissberger v.
Eli H. Brown, Sr., No. 21,611." On the 23d day of
May, 1903, the chancellor entered a judgment against
Eli H. Brown, Sr., for the taxes for all the years sued
for, with lawful interest, making a total of $1,490.64,
awarded the city of Louisville a first lien on the fund
in court for its judgment, and granted it leave to
withdraw the amount adjudged to it. From this
judgment in favor of the city, which leaves him with
more than half of his debt unpaid, Rissberger has ap-
pealed.

The judgment of the chancellor is clearly errone-
ous. The fund in court is the proceeds of the sale of
the fee-simple title under the judgment of foreclosure,
where all the owners were parties defendant, and
properly before the court. The city had properly as-
sessed the property for taxation against Eli H. Brown,
Sr., who was the life tenant, but, as he alone was be-
fore the court in its actions for taxes, no interest of
the remaindermen could be subjected to their pay-
ment. (Woolley v. City of Louisville, 118 Ky., ——,
82 S. W., 608, 26 Ky. Law Rep., 872, and Fenley v.
City of Louisville, 119 Ky., ——, 84 S. W., 582, 27
Ky. Law Rep., 204. Appellee was entitled, of the
fund in court, only to the interest of Eli H. Brown,
Sr. As a good deal of confusion seems to have arisen
by reason of the consolidation of the five actions—
from the fact that appellant in his action ignored the
city, and the latter in its actions ignored appellant—

justice requires upon the return of the case that both parties should be allowed to amend their pleadings so as to protect their respective rights to the fund in court.

For the reasons indicated, the judgment is reversed for proceedings consistent herewith.