## Carpenter, et al. v. Carpenter, et al.

(Decided November 22, 1911.)

### Appeal from Magoffin Circuit Court.

Judgments—Action to Set Aside—Presumption.—In an action to set aside a judgment rendered in a former action, the presumption is that the circuit court ruled properly in the former action, and this presumption will prevail where all the record in the former action is not produced.

D. D. SUBLETT for appellants.

ROBERT H. WINN, FINLEY E. FOGG for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On November 10th, 1877, William Craft and wife conveyed to their daughter, Louisa Craft, a tract of land, providing in the deed that it should go to her during her natural life and then to her children. She first married Thomas Allen by whom she had two children. She afterwards married Brack Carpenter by whom she had seven children. On July 18, 1902, she and her husband filed a suit in the Magoffin Circuit Court to which their children were made parties, to sell the timber on the land to maintain and educate the children. That case progressed to a judgment which was executed by an order of sale; the sale was confirmed by the court and a deed made to the purchaser, who paid the purchase

money. The property since then has passed through several hands. The purchase money was distributed under orders of court in the action. On May 12, 1908, her children brought this suit to set aside the judgment and orders made in the case referred to on the ground that the whole proceeding was void. The allegations of the petition were denied by an answer, and on final hearing the circuit court dismissed the petition. The plaintiffs appeal.

It is insisted that the proceedings in the original action were void for a number of reasons, as for instance that no bond was executed in that action to the infants before the judgment was entered, and that a guardian ad litem was not properly appointed, and some of the infants were not before the court. But a complete transcript of the record in that case is not produced. The only part of the record which we have is a copy of certain papers attested by the clerk as a true copy, and a copy of certain orders similarly attested. What other pleadings were filed in that action; what other orders were made there, we can not tell from the record before us. The presumption is that the circuit court in that action decided properly. We can not presume that he entered a judgment before the proper bond was executed or when some of the parties were not before the court, and we can not say that any of these defects really existed in the proceeding because we have not a transcript of the proceedings before us. The plaintiffs entered a motion in this case that the circuit court set aside the judgment in the former case as void and the motion was overruled. But that motion was properly overruled for the reason we have suggested; that is, that a sufficient record was not before the court to enable him to determine that any jurisdictional fact did not exist in that proceeding. We have not before us even a complete transcript of the orders made in the action. There is evidence in the record that some of the papers are lost, but these could have been supplied. The presumption being that the circuit court ruled correctly in that case the burden was on the plaintiffs to make out their case by showing affirmatively the defects in the proceeding they relied on. This, they having failed to do, the circuit court properly dismissed the petition.

Judgment affirmed.