## Melcher v. Yagers' Guardian.

(Decided June 19, 1914.)

### Appeal from Jefferson Circuit Court (Chancery Branch, No. 2).

1. **Infants—Sale of Infants' Real Estate.**—A sale of infants' real estate for the purpose of re-investment as authorized by the provisions of sub-section 5 of Section 489 of the Civil Code is void unless the bond required by Section 493 of the Code is executed before such sale is ordered.

2.   Infants—Sale of Infants' Real Estate—Joint Property of Infants.—
     A sale of the joint property of two infants in a suit by the guar-
     dian cannot be upheld under the provisions of subsection 2 of
     Section 490 of the Civil Code where there is no allegation that
     the infants are in possession of the land sought to be sold, or that
     the same can. be divided without materially impairing its value,
     and where there is no proof of indivisibility.

E. L. McDONALD for appellant.

GEORGE CARY TABB and RAY MANN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an action by the guardian of the two infant appellees, W. J. Yager and Houston Yager, for the sale of a house and lot, jointly owned by them in the city of Louisville, for the purposes of reinvestment of the proceeds.

It is apparent that the action was originally instituted under the provisions of subsection 5 of section 489 of the Civil Code authorizing such procedure. But the bond required under section 493 of the Code to be executed before such a sale is ordered, and expressly providing (sub-section 3) that any sale or conveyance so made without the execution of such bond shall be void, was not complied with, and it is therefore perfectly clear, and is conceded, that the sale cannot be upheld under the provisions of that section.

The appellant became the purchaser and filed exceptions to the sale upon the ground that it was void because of the failure to execute such a bond; but the lower court, as we gather from the record and the briefs, was of opinion that the sale was a valid one under the provisions of sub-section 2 of section 490 of the Civil Code, which is as follows to-wit:

"A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant. *   *   * `.

"If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

The court overruled the exceptions and confirmed the sale, and from that judgment this appeal is prosecuted by the purchaser.

After the sale, and before the exceptions were filed and acted upon, the guardian executed a bond under the provisions of section 497 of the Civil Code.

The courts have no inherent power to order the sale of infants' real estate; such authority comes exclusively from the statutes, and in such proceedings the method pointed out by the statute must be followed.

In this case there is no allegation in the petition, either that the infant defendants are in possession of the land or that the same cannot be divided between them without materially impairing its value, and both of these allegations are necessary to authorize a sale under the provisions of sub-section 2 of section 490, nor is there any evidence against these infants showing the indivisibility.

Not only so, but the judgment of sale in this case does not provide that a lien is retained on the land ordered to be sold until the infants became of age, or until their guardian shall execute the required bond, as required by section 497.

The chancellor is specially charged with the protection of infants and their real estate, and having no inherent power to order a sale thereof, it is his particular duty to see that all the requirements of the statutes are followed.

There has been in this case no substantial compliance with the provisions of the statute, and it is apparent that the sale is now attempted to be upheld under the provisions of a section of the Code which was not in mind when the petition was drawn or the proceedings had.

The judgment is reversed with directions to sustain the exceptions and set aside the sale.