## Hays, et al. v. Wicker, et al.

(Decided December 18, 1914.)

### Appeal from Floyd Circuit Court.

1. Infants—Appeal—Limitation of Actions.—An appeal by an infant more than a year after he became of age is barred by limitation; but where the one-fourth interest of each of two infants is sold in an action against them, either may appeal without joining the other.

2. Infants—Order for Sale of Minerals.—A court of equity under Section 489, Civil Code, may order a sale of the minerals under the infants' land without selling the surface when it is to the interest of the infant.

3. Infants—Sale of Minerals.—But in so selling the mineral under the land unreasonable rights of the surface also should not be conferred.

4. Infants—Setting Aside Sale of Minerals—Liens.—When the sale is set aside the purchaser will be adjudged a lien on the land for the purchase money with interest from that time.

JAMES GOBLE and W. W. WILLIAMS for appellant.

SMITH & COMBS, O'REAR & WILLIAMS, NEAL & STRICK-LING and HAGER & STEWART for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

On April 19, 1907, William Wicker, as guardian of Oscar Hays and Ephraim Hays, filed a petition in equity against them in the Floyd Circuit Court, alleging that they owned an undivided one-half interest in a tract of 88 acres of land, each owning an undivided one-fourth interest, and that a sale of the mineral rights in the land was necessary to educate them and prepare them for life. He prayed a sale of the mineral rights, the proceeds to be applied to their education and maintenance. Proof was taken upon the petition sustaining its allegations as to necessity. No guardian *ad litem* was appointed. The guardian executed bond, and at the November term, 1907, a judgment was entered for the sale of the property; the property was sold; the master commissioner filed report of sale; the purchaser filed exceptions to the sale; and, on the hearing of the exceptions, the court set aside the sale and the judgment previously entered in the case, and appointed a guardian *ad litem* for the infants, who filed a report and thereafter, proof being again taken, the court, at the March term,

1909, entered a second judgment for the sale of the mineral rights under the land. Under this judgment the property was again sold and the sale was confirmed at the April term, 1909, each infant's part being $105.00. On March 19, 1914, this appeal was sued out before the clerk of this court by Ephraim Hays and Oscar Hays by which they seek to reverse the judgment ordering the sale and to set aside the sale.

At the time the petition was filed, Oscar Hays was eighteen years of age and Ephraim Hays was fourteen years of age. Oscar became of age in 1910, or four years before the appeal was taken. Ephraim became of age in the year 1914. Section 745, Civil Code, provides:

"An appeal shall not be granted except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action, and an infant not under coverture; or of unsound mind, or a prisoner who did not appear by his attorney —in which cases an appeal may be granted to such parties, or their representatives, within one year next after their deaths or the removal of their disabilities, whichever may first happen."

The appellees have pleaded limitation and entered a motion to dismiss the appeal. The motion must be sustained as to Oscar Hays as the appeal was not taken within one year after the removal of his disability; but the appeal by Ephraim Hays is in time, and he has a right to appeal from the judgment selling his land, although his brother has lost the right to appeal from the judgment selling his land. They were both defendants to the action, and each owned an undivided one-fourth of the land; either could appeal without joining the other.

It is earnestly insisted that the circuit court was without authority to sell the mineral right under the land without selling the surface also. It is well settled in Kentucky that the power of a court of equity to sell an infant's land is wholly statutory and that a sale which is not authorized by statute is void. (Walker v. Smyser, 80 Ky., 620; Elliott v. Fowler, 112 Ky., 381; Graham v. Kitchen, 118 Ky., 22, and cases cited.) But Section 489 of the Civil Code provides:

"A vested estate of an infant * * * in real property may be sold by order of a court of equity * * * in an action by a guardian against his ward for the sale of the estate for the maintenance and education of the

ward." In Kincaid v. McGowan, 88 Ky., 91, we said: "Minerals in place are land, they are subject to conveyance. The surface right may be in one man and the mineral right in another. Both, in such a case, are land owners."

Under such a statute, it is generally held that the court may order the sale of any interest in land which an infant may hold, whether legal or equitable, vested or contingent. (22 Cyc., 568.) Thus it has been held that an infant's interest in a homestead may be sold, and we have in two cases assumed or recognized the power of a court of equity under the statute to sell the timber on an infant's land without selling the surface, when to the interest of the infant. (Carpenter v. Carpenter, 145 Ky., 473; Ayer & Lord Tie Co. v. Witherspoon, 30 R., 1068.)

We do not see that a substantial distinction can be made between selling the coal under the land without selling the surface, and selling the timber on the land without selling the surface. The chancellor should sell only so much of the ward's estate as his interest requires to be sold, and, if he may sell half the land, we do not see why he may not sell a severable estate in the land, retaining for the infant the surface so as to give him a home. Ball v. Clark, 150 Ky., 384, involved a very different question. There the owner of an undivided interest in the minerals undertook to sever the holding of the infant in the land. We, therefore, conclude that the judgment complained of is not void for want of authority in the court to order the sale.

It is also insisted that the circuit court, in ordering the sale of the mineral rights, gave the purchaser such rights in the surface as to destroy the value of the remaining estate, and that, in so ordering the sale, he abused a sound discretion, although the judgment followed the petition; and that the judgment for this reason is erroneous. The thing ordered to be sold is thus described in the judgment:

"The undivided one-fourth interest each of the said Oscar Hays and Ephraim Hays in and to the coal, minerals and mineral substances and products; all oils and gases; all salt and salt mineral waters; all fire and potters clay; all iron and iron ores; all stone; all slate; all ores and mines, and all subterranean substances and products; and all combinations of same, or any or all of the same, or that may be hereafter found thereon,

therein or thereunder; and such of the standing timber as may, at the time of the use thereof, be, or by the purchaser, its successors and assigns, be deemed necessary or convenient for the exercise or enjoyment of any and all property, rights and privileges herein adjudged to be sold, granted or conveyed, including timber necessary for dams or railroads, or branch lines thereof, as may hereafter be constructed upon the said land; and exclusive right of way for any and all railroads, tram roads, haul roads other ways, pipe lines, telephone and telegraph lines that may hereafter be located on said land by the purchaser, their heirs, representatives or assigns, or by any person or corporation; and also the right to maintain, keep in repair and operate the same and said railroads, tram roads, haul roads, ways, pipe lines, telephone and telegraph lines; and also the exclusive right to enter upon said land and drill thereon for oil and gas, and to pump for and store the same upon said land, and remove, pipe and transport the same therefrom; and to use and operate the said land and surface thereof, including the right to use, divert, dam and pollute water courses thereon in any and every manner that may, by the purchaser, its successors and assigns, be deemed necessary or convenient for the full and free exercise and enjoyment of any and all the property rights and privileges hereby adjudged to be sold, including, but not limiting, to that of drilling, mining, pumping and therefrom removing, or otherwise using the said pipe, telegraph and telephone lines, rights of way, roads, ways, timber, coal, minerals, salt, oil, gas, salt water, clay, iron ore, mines, stone, and subterranean substances and products thereof, and any and all other properties and rights hereby adjudged to be sold, and for the transportation therefrom of said articles; and also the right to build, erect, alter, repair, maintain and operate upon said land and at its option to therefrom remove any and all houses, shops, buildings, tanks, derricks, inclines, tipples, dams, coke ovens, store and ware rooms and machinery and mining and any and all equipments that may, by the purchaser, by its successor or assign, be deemed necessary or convenient for the full and free exercise and enjoyment of any and all the properties, rights and privileges hereby adjudged to be sold; and the right to thereupon convert, reduce, refine, store, dump, and manufacture the said, or any or all the said property, or produce in, upon or under the said land;

and the right to dump, store and leave upon the said lands any and all muck, bone, shale, water or any other refuse from said mines, wells, ovens or houses, and any and all matters and products that may be excavated from mines or produced by the exercise or enjoyment of any or all property, rights and privileges hereby adjudged to be sold, and the right to remove all pillars and other lateral and subjacent supports without leaving pillars to support the roof or surface; and the right to use said land for the removal or storage of the products; and the right to erect upon said land, and maintain, use, repair and operate, and at their pleasure remove therefrom any and all buildings and structures and machinery and mining and any and all equipments, whether specifically enumerated here or not, that may, by the purchaser, by his successor or assign, be deemed necessary or convenient for the exercise and enjoyment of any or all the property, rights and privileges hereby adjudged to be sold; and also the free access to, upon and over the said land for the purpose of surveying and protecting for said property and interests, be sold. Reserving and not adjudged hereby to be sold, all the timber upon the said land except that necessary for the purposes hereinbefore mentioned, and to the enjoyment of the property, rights and privileges hereinbefore mentioned, the free use of said land for agricultural purposes by said infant defendants, so far as such use is consistent with the rights hereby adjudged to be sold; and the right to mine and use coal for their own household and domestic purposes.''

We think it manifest that no infant's land should be sold with such provisions as these; while the purchaser was nominally buying only the mineral rights, he will acquire such rights in the surface as would make it impossible for the owner to sell the surface except at a great sacrifice. Reasonable provisions may be made in such a judgment, but those in question are unreasonable, and, as the infant cannot speak for himself, the chancellor must protect his interest. We, therefore, conclude that the judgment complained of as to Ephraim must be reversed and on the return of the case to the circuit court the sale will be set aside, but the purchaser will be adjudged a lien on the land for his money with interest from the time the sale is set aside.

Judgment reversed and cause remanded for further proceedings consistent herewith.