## McCoy v. Ferguson, Jr., By et al.

(Decided November 16, 1916.)

Appeal from Pike Circuit Court.

Guardian and Ward—Lease of Mineral Right—Sale of Timber.— A statutory guardian cannot lease the coal land of his ward for mineral purposes or sell timber growing on the land, unless he is authorized to do so by a court of competent jurisdiction in a proceeding brought for that purpose. (See Acts of 1916, page 647, permitting guardian to lease land of his ward when authorized by the court.)

J. S. CLINE and W. K. STEELE for appellant.

STATON & PINSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1910 the appellee, Vernon Ferguson, Jr., an infant, by his next friend brought suit in the Pike circuit court against Sam McCoy. In that suit there were several matters in controversy and several issues made by the pleadings, one of them arising on the effort of Ferguson, the infant, through his next friend, to enjoin McCoy from mining coal on land claimed to be owned by the infant, and removing the coal from the land and selling it. That case came to trial in 1914, and upon this issue the lower court adjudged "that the defendant, Sam McCoy, be and he is hereby enjoined and restrained from removing coal and timber from the lands described in the plaintiff's petition and in the deed from John M. Ferguson, et al., to Sam McCoy—except for domestic purposes only—unless a valid and lawful lease therefor be entered into by the statutory guardian of the infant plaintiff."

From this judgment, which also determined other issues between the parties, an appeal was prosecuted to this court. The opinion of this court, which may be

found in 164 Ky. 136, disposed of several issues between the parties but did not determine in any manner the right of the statutory guardian of an infant to enter into a contract with another party by which the other party might take and remove coal from the land of the infant, although the judgment appealed from was affirmed.

After the opinion in this case was handed down, and in June, 1915, the next friend of the infant, Vernon Ferguson, Jr., filed his affidavit in the court and asked that a rule issue against McCoy to show cause why he should not be punished for disobeying the injunction forbidding him to remove coal from the land except for domestic purposes.

For response to this rule McCoy exhibited a contract of lease entered into between himself and Florence McCoy, statutory guardian of Vernon Ferguson, Jr., the infant, under which contract McCoy was given the right to mine and sell coal on the land claimed by the infant, and he depended on this contract to exonerate him from disobedience of the injunction. The lower court, however, held that the response was not sufficient and adjudged that the statutory guardian of the infants could not lease the coal found in the land of the infants without having first been adjudged that right in a proceeding brought for the purpose in a court of competent jurisdiction. The court, therefore, adjudged the lease to be void and enjoined McCoy from removing any coal from the land under and by virtue of the lease except for his domestic use. From this judgment McCoy prosecutes this appeal.

It will therefore be seen that the only question presented is, can the statutory guardian of an infant enter into a valid contract authorizing the grantee in the contract to mine and sell coal found in the land of his ward? In the judgment appealed from the lower court held that the statutory guardian had no authority to enter into a contract like this, and in this conclusion we concur.

Counsel for McCoy relies on the former judgment, which we have set out, as giving McCoy the right to mine the coal if he secured a contract from the statutory guardian of the infant permitting him to do this. We do not so construe this judgment. It expressly recites that McCoy might do this under "a valid and lawful

lease'' entered into with the statutory guardian of the infant. The meaning of this is, as we understand it, that if the statutory guardian of the infant had been empowered by the judgment of a court, in a proceeding brought for the purpose, to make a lease like this, then, pursuant to the authority conferred, he might make a valid and lawful lease with McCoy or anybody else; but in the absence of a judgment rendered in a case brought for the purpose in which this authority was asked and conferred, we are very sure the guardian has no power to enter into a lease by which coal may be taken from the land of his ward. In this case the court had no jurisdiction to authorize the statutory guardian to lease the coal land of his ward, because it is very plainly shown by the record that the suit brought in 1910 did not have for its purpose the lease or sale by the statutory guardian of the coal in the land of the infant.

It is said, however, that section 2031 of the Kentucky Statutes, providing that ''a guardian . . . may lease any real estate of the ward until the ward shall arrive at full age, but no such lease shall be made for a longer term than seven years,'' conferred on the guardian authority to enter into this contract with McCoy. We do not think so. The statute authorizing the guardian to lease the real estate of his ward contemplates an ordinary lease, as, for example, a lease for farming purposes, and does not mean that the guardian may enter into a contract by which timber growing on the land of the ward might be cut and carried away for commercial purposes, or coal in the land of the ward might be mined and carried away for such purposes. Timber growing on land of the ward and coal in a mine on land of the ward are each parts of the real estate of the ward, and the guardian can no more sell the timber or the coal than he can the land of the ward unless he is authorized by a court of competent jurisdiction in a proceeding brought for that purpose to sell or dispose of it. Ayer & Lord Tie Co. v. Witherspoon, 30 Ky. L. R. 1067; Hays v. Wicker, 161 Ky. 706.

The Legislature in 1916 (see Acts of 1916, page 647) enacted a statute authorizing the guardian of an infant to lease the coal lands of his ward when authorized by the court so to do in the manner pointed out in the stat-

ute. But this statute has no application in the case be-fore us, as the lease here in question was made long be-fore this statute took effect.

Wherefore, the judgment is affirmed.