## Humphrey, et al. v. Holland, By, etc.

(Decided June 24, 1921.)

### Appeal from Muhlenberg Circuit Court.

1. Infants—Process.—A summons for an infant under 14 years of age must be served upon the father, if living, and having a place of residence in the state, and not upon the person with whom the child resides.

2. Infants—Process.—If there be nothing in the record to show that the father is living and that the process was served on the wrong person, the presumption will be that the sheriff did his duty and served the process upon the proper person.

3. Judgment—Setting Aside—Infants.—A proceeding under section 518 of the Civil Code to set aside a judgment is a direct attack and is the proper mode of procedure where the record does not disclose the error or contention of the infant.

4. Judicial Sales—Infants.—A sale under a judgment where several adults are parties defendant and properly before the court, with

one infant not before the court, is valid and binding on all but the infant who was not properly before the court.

WALKER WILKINS and J. C. JONES for appellants.

HUBERT MEREDITH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

This action was originally commenced to obtain a sale of the land belonging to the estate of T. D. Humphrey, who died in Muhlenberg county in 1908, and for the distribution of the proceeds among his heirs. Judgment being entered in accordance with the prayer of the petition, a sale was had at which T. E. Humphrey and G. C. Humphrey became and were the purchasers and executed to the master commissioner the required purchase money bonds. Among the heirs of Humphrey was one Loraine Holland, a granddaughter, who was only about eight years of age at the time the suit was commenced. Her mother was dead but her father was living in an adjoining county, but this latter fact was not alleged in the petition. As she was living with her grandmother and had no statutory guardian the summons for the child was attempted to be and was served on the grandmother. The return so shows. This granddaughter of Humphrey, after the judgment, sale, execution and payment of the purchase money bonds, filed in the same court and apparently in the same action, her petition, motion and application to vacate the judgment, on the ground that she was not before the court and the judgment under which the sale was had was void or at least voidable at her option. The basis of this contention is the Code provision, section 52, which requires the process for an infant under fourteen years of age to be served on the father if living. This was not done, although it is admitted the father of Loraine Holland was alive and resided in this state and, being a defendant to the action, was actually summoned in the case but his name was not on the same copy of summons served on the infant nor was her name on the copy of the summons served on him.

Is the judgment void or voidable on account of the failure of the sheriff to serve the summons for the infant Loraine Holland on her father when she lived with and was in the care of her grandmother in another county? The record in the original suit does not show that the father, Edmund Holland, was living at the time the ac-

tion was brought, and in such case on appeal the presumption will be indulged that the sheriff did his duty in the service of process, and as he did not serve it on the father of the infant he was either a non-resident of the state or dead. The infant did not appeal from the judgment but commenced the present action to vacate the original judgment under subsection 5 of section 518 of the Civil Code, which reads: "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it for erroneous proceedings against a person under disability, except coveture, if the condition of such defendant do not appear in the record, nor the error in the proceedings." This was a proper proceeding and gave the trial court power and it was justified in granting the relief sought, at least to the extent of vacating the judgment as to the infant who was not before the court at the time it was rendered.

It is insisted by appellees that this is not a direct but a collateral attack on the judgment. We can not agree with this contention. Had the infant appealed from the judgment it would have been a direct attack on the judgment, but in the absence of a showing in the record that the father, Edmund Holland, was living and a resident of the state of Kentucky the rule which was applied in the case of Taylor v. Asher, 183 Ky. 563, would have prevented this court granting the relief sought. The Civil Code provides ways of directly attacking a judgment. It may be done in the way and manner set forth in sections 344, 414 or 518 of the Civil Code, according to the facts. Ratliff v. Childres, 178 Ky. 102; Baker v. Baker Company, 162 Ky. 694; Harrod v. Harrod, 167 Ky. 308. In the Ratliff-Childers case, *supra*, we said:

"A judgment is directly attacked when it is called in question in a proceeding for a new trial or by an action to set it aside for fraud, as pointed out in Civil Code, sections 344, 414 and 518, for the modification or vacation of judgments; but an attack made on a judgment in any other way is a collateral attack."

The facts in this case bring it clearly within the provisions of subsection 5 of section 518 of the Civil Code, for the "conditions" of the infant defendant, Loraine Holland, do not appear in the original record nor the "error in the proceedings." An infant child is entitled to a new trial under the provisions of section 518 if his condition is not disclosed by the record, nor the error in the proceedings. Jamison v. Petit, 6 Bush 699; Cox v.

Story, 80 Ky. 64; 30 R. 924; Spradlin v. Stanley, 124 Ky. 701.

Where, however, the error appears in the record the remedy is by appeal from the judgment and not by a proceeding under section 518, Civil Code. Ogden, etc., v. Stevens, 98 Ky. 564; Oliver v. Park, 101 Ky. 1.

These facts, however, do sufficiently appear in the petition, application and motion to vacate the judgment by which this proceeding was commenced. It need not have been so styled, but this does not invalidate it. The style should have been merely "Petition." This redundancy only indicates that the pleader was not absolutely certain as to the mode of procedure which would afford the relief he sought, and to avoid any difficulty he styled the pleading, "Petition, application and motion."

The judgment in the original action was not void but merely voidable at the option of the infant, Loraine Holland, and to have this relief she was required to and did make a direct attack on the judgment. It was neither void nor voidable as to the other defendants and parties to it. They were and are all bound by the judgment. Appellants, the purchasers at the decretal sale, were required to look to the title, the rule of *caveat emptor* applying in its full force. The purchasers will take the whole estate sold except the undivided interest of the infant, Loraine Holland. She and the purchasers are joint tenants in the farm.

The trial court erred in setting aside the entire judgment and sale had thereunder. Only that part of the judgment which affected the interest of the infant, Loraine Holland, should have been vacated, otherwise the judgment and sale should have been sustained and confirmed.

For the reasons indicated the judgment appealed from is affirmed as to the infant, Loraine Holland, and reversed in all other respects for proceedings consistent with this opinion.