## Eversole v. Roberts et al.

(Decided June 12, 1931.)

C. W. HOSKINS for appellant.

M. C. BEGLEY for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

M. C. Roberts was killed in December, 1905. He left surviving him his widow, Nannie Roberts, and six children. He owned at his death about 150 acres of land. He owed A. B. Eversole and brother a note of $171.17, and in addition to that an account of $67.25. On January 21, 1907, they filed an equity action against the widow and children in the Leslie circuit court, alleging that Roberts left no personal property and that the widow and children had the land, and praying that the land be subjected to their debt. A guardian ad litem was appointed for the infant defendants. The claims sued on were proved, and on July 6, 1908, the plaintiffs filed an amended petition, alleging that since the filing of the suit they and the widow, Nannie Roberts, and A. B. Rob-

erts, her son, each being over 21 years of age, had agreed that plaintiff may have a deed of conveyance for 3½ acres of the land in full payment of the demand sued on, that this was a fair price of the land, and that the settlement was to the best interest of the infant defendants rather than have a forced sale of the land. They prayed the court to confirm the settlement and have the land conveyed by its commissioner. Proof was taken which showed that the compromise was beneficial to the infants. The guardian ad litem, on October 7, 1908, filed his report in writing stating that the demands were properly proved and were just and admitted by the defendants who were of age; that he had examined the proposed settlement, and was acquainted with the land, and was convinced that the settlement was of interest to the infants and should be approved, as part of the land could be sold to pay the debts, but if so sold the land would not bring near the price the plaintiffs were proposing to give for it in the settlement. On the filing of this report, the case was submitted; the court confirmed the settlement, and ordered the land conveyed by the commissioner to the plaintiffs, pursuant thereto. The commissioner made the deed, and the grantee in the deed took possession of the property in October, 1908. On September 17, 1928, the six children of M. C. Roberts brought this action alleging, in substance, that the judgment and deed executed pursuant thereto were each void, and praying judgment for the land. The defendants answered, setting out the proceedings fully, and pleading the judgment in bar of the action. They also alleged fifteen years' adverse possession of the land and pleaded limitation, and also set up the original debt, which was compromised in 1908, and prayed the court, in event the compromise was now set aside, to adjudge them the lien on the land for the debt which they had when the compromise was made and enforce the lien. The issues being made up the case was submitted. The court gave judgment in favor of the plaintiffs; the defendants appeal.

Appellees earnestly insist that the judgment is void, and this court has often held that a judgment to sell infants' land, unless pursuant to the statute, is void. But the court is without power to sell infants' land except under the statute, and the power conferred by the statute can only be exercised as it provides. Whether the power exercised here was one possessed by equity courts originally we need not decide (see Thompson v. Maxwell

Land-Grant & R. Co., 168 U. S. 451, 18 S. Ct. 121, 42 L. Ed. 539; 31 C. J. p. 1168, sec. 357), as the judgment must be reversed on another ground. The defendants pleaded the fifteen years' statute of limitation. The rule as to infants is this:

"When the right of entry descends to heirs who are all under disability at the time their right of action accrues, the limitation does not begin to run against any of them until the disability is removed from all. But if part of them are not then under disability, the disability of the others does not prevent the statute from running against all." Wilcox v. Sams, 213 Ky. 696, 281 S. W. 832, 834.

The same rule applies where a cause of action accrues to joint tenants, one of whom is of age. Simpson v. Shannon's Heirs, 3 A. K. Marsh. 462; Moore v. Calvert, 6 Bush, 356; Henderson v. Fielder, 185 Ky. 485, 215 S. W. 187.

In the original action from the beginning to the end, A. B. Roberts was alleged to be 21 years of age, and was so treated. The compromise agreement was approved by the court on the ground that the mother and oldest son, who was of age, had agreed to the settlement. There was no dispute in that action as to his age. But in this action he testified that he was born January 8, 1888, and was only 20 years old in October, 1908. When asked how he knew this, he said that was in the old record at home in an old Bible and from information he received from his uncle, Will Roberts. Neither the Bible nor Will Roberts or any one else who knew the facts was introduced. On cross-examination he stated that he joined the army in September, 1908, and said in explanation: "I was twenty years and eight months old, I believe it was. I had to forge my writing to get in." The court is thus left with nothing but his statement as to his age, which is contradicted by his admitted statement when he joined the army and his admitted conduct when the old suit was pending. In the absence of the family record, his testimony now, when he is testifying in his own behalf, should not outweigh the statement he made when he wanted to get in the army and the conduct of the parties in the prior litigation, and it must be concluded that he was of age when the judgment was rendered. His mother died six years ago, and Eversole, who made the contract with them, is dead. After the death of these parties, who

knew the facts, the evidence he now produces is insufficient to defeat the defendant's rights.

The plaintiff proved by their witnesses that Eversole had possession of the land from the making of the deed until he died, and since his death his wife has had possession of it. They had a house on it that they rented out, and, being asked if the house was ever vacant, the witness answered, "If it was ever vacant I don't remember it."

On the other hand, A. B. Roberts testified: That after the deed was made John Spurlock lived on the land two or three years or longer as a tenant of A. B. Eversole; that then Sam Davidson lived there. It was something like a week after Spurlock left before Davidson moved. Davidson lived there two years, then his widow lived there a while, and John Eversole moved in something like a month after she left, and he lived there about ten years and died in 1927. His widow continued to live there after his death and until the proof was taken. In addition to this, it appears that A. B. Eversole lived on an adjoining tract, and his possession naturally extended over all the land that he owned. In 2 C. J. p. 112, sec. 182, the rule is thus stated:

"Periods of vacancy incident to or occasioned by change of possession or by the substitution in the possession of one tenant for another, which are not of longer duration than is reasonable in view of the character of the land and the uses to which it is adapted and devoted, do not constitute interruptions of possession destroying its continuity in legal contemplation when there is no intention to abandon the possession. They are but incidents of that continuous possession which the land inherently, and in relation to the manner of its use, admits of. This rule proceeds upon the theory that notwithstanding such interruptions of actual occupancy there is in fact no actual interruption of such acts of possession as the land is reasonably susceptible to."

A number of Kentucky and other cases are cited in the notes.

Under the proof, clearly the possession of this land was not broken, and the action was barred by limitation when brought in 1928.

Judgment reversed, and cause remanded for a judgment dismissing the petition.