## Thomas v. Thomas' Guardian et al.

(Decided June 24, 1932.)

C. S. NUNN, guardian ad litem, for appellant.

JOHN A. MOORE, for appellee Farmers' Bank & Trust Co.

J. W. BLUE, JR., for appellees Goodlove and McDonalds.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

William Barnett, a resident of the city of Marion, Crittenden county, Ky., executed a will devising, after the payment of his debts and funeral expense, his personal estate to his widow, Mary Barnett, and his two daughters, Kate and Esther Barnett. He devised his real estate, subject to the dower right of his widow, to his daughters for life, with the proviso that if either of them died without surviving issue, the survivor to take for life the real estate devised to the deceased daughter; if, on the death of his daughters, or either of them, leaving surviving issue, then her share to her issue:

"With no power to sell, convey, mortgage or devise, or otherwise alienate the same, either voluntary or by order of court for a period of 21 years after her death, or until one of her issue should reach the age of 21 years."

His will was probated; the nominated executor qualified and executed his will as to his personal estate; the dower in the land was allotted to the widow. Catherine May Thomas is the daughter of Kate Barnett, and the only living remainderman at the time of the filing of this action. She was an infant, and the Farmers' Bank & Trust Company, by an order of the county court of Crittenden county, was appointed her guardian. As such, it filed this action alleging that the real estate belonging to the estate of the testator consisted of about 1,400 acres of land, located in Crittenden county and a residence in the city of Marion, Ky., and the widow of the testator and his two daughters were permitting the real estate to waste; that it was their duty to pay the taxes assessed against the property, but that they have no money with which to pay them; that the income is

insufficient for that purpose; that there were street and sewer assessments against the residence, to secure which liens exist, the costs of which, when added to the unpaid taxes, amount to several thousand dollars.

It asked for an order appointing a receiver to take charge of and manage the estate, and to pay the taxes and to pay the cost of street and sewer assessments out of the proceeds that may be realized by the proper management of the real estate, after paying the support and maintenance of the life tenants. The court decreed that a definite acreage of the farm land be sold to pay the taxes, the cost of street improvement, and the sewer assessment, which have accrued. The guardian ad litem was granted an appeal which he is now prosecuting.

The life tenant must pay the taxes. Johnson v. Smith, 5 Bush, 102; Pool v. Pool, 214 Ky. 267, 283 S. W. 111. The life estate is liable for the entire cost of reconstructing or building streets, sidewalks, or sewers. Hackworth v. Louisville Artificial Stone Co., 106 Ky. 234, 50 S. W. 33, 20 Ky. Law Rep. 1789; Delker v. City of Owensboro, 98 S. W. 1031, 30 Ky. Law Rep. 440. The life tenant is bound to preserve the property and keep it up, so long as the particular estate continues, including the payment of insurance, taxes, the costs of sidewalks, street improvement, and sewers. See cases, supra.

In Elliott v. Fowler, 112 Ky. 376, 65 S. W. 849, 23 Ky. Law Rep. 1676, this court reviewed at length the power of a court of equity to sell the real estate of an infant. The rule was enunciated that a court of chancery has no inherent power to order a sale of an infant's land for any purpose. Where the power exists, it is a creature solely of the statutes. A court when ordering a sale of an infant's property derives its power to make the order solely from statutes. Even when there is a statute conferring such power, its provisions must be strictly complied with, or the sale will be void for want of jurisdiction.

This view of the power of the court to sell an infant's land was approved in Williamson v. Mann, 134 Ky. 63, 119 S. W. 232; Conrad v. Conrad, 152 Ky. 422, 153 S. W. 740; Ford v. May, 157 Ky. 830, 164 S. W. 88; Melcher v. Yager's Guardian, 159 Ky. 597, 167 S. W. 871; Hays v. Wicker, 161 Ky. 706, 171 S. W. 447; Richey v. Harlan, 170 Ky. 461, 186 S. W. 149; Noel v. Harper, 170 Ky. 677, 186 S. W. 503; Luscher v. Julian's Admr., 173 Ky. 150, 190 S. W. 692; Webb v. Webb's Guardian,

178 Ky. 152, 198 S. W. 736; Shaw v. Grimes, 187 Ky. 252, 218 S. W. 447; Wilson v. Jackson, 193 Ky. 101, 235 S. W. 28; May v. Pratt, 237 Ky. 369, 35 S. W. (2d) 542; Eversole v. Roberts, 239 Ky. 532, 39 S. W. (2d) 986.

We have not been cited a statutory provision authorizing a court of equity to sell an infant's estate in remainder to pay claims which in law are chargeable against the owner of the life estate so long as such life estate exists. Indeed, there is no such provision. Its absence is the evidence of a sense of justice as well as a manifestation of wisdom.

It is argued that the circumstances of this particular case demand relief at the hand of the chancellor. However impelling the conditions of the parties may tend to show the propriety or necessity of a sale of an infant's land, without a statute conferring the authority to make it, the power does not exist in the chancellor, nor in this court to approve his action when decreeing a sale. The Legislature may provide a remedy to relieve the owners of a life estate in real estate of the conditions presented in this case, but the courts are without authority to do so.

The judgment is reversed for proceedings consistent with this opinion.