## Rains v. City of Lexington.

Nov. 29, 1940.

King Swope, Judge.

Grover C. Thompson and Grover C. Thompson, Jr., for appellant.
Robert Odear for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

By this action in equity the City of Lexington sought and procured a sale of a certain residence property in satisfaction of its lien for delinquent taxes amounting to approximately $600, exclusive of interest and penalties. The life tenant against whom the taxes were assessed, together with the remaindermen, one of whom was a nonresident infant, were made parties defendant. The property was appraised at $4,000, adjudged indivisible, and sold as a whole after due advertisement. The appellee became the purchaser for $3,300, and excepted to the Commissioner's report of sale on numerous grounds, among which was that the Court was without jurisdiction to sell the remainder interest until the estate of the life tenant had been exhausted.

While it was proper to assess the taxes against the owner of the life estate alone (Kentucky Statutes, Section 4049), and permissible under the provisions of Sections 3187d and 3187g, Kentucky Statutes, for the City to resort to an action in the Circuit Court to enforce its lien and the personal liability of the taxpayer created by the latter section, we are nevertheless of the opinion that it was not contemplated by the Legislature that by instituting a suit rather than by selling the property at auction at the City Hall in the manner prescribed by Section 3187, Kentucky Statutes, the City would be enabled to avoid the requirements of that section that the particular estate in real property be offered for sale before the whole property is offered.

It is not a sufficient answer that the requirement

that the life estate be first offered for sale is found only in that section of the Statutes relating to sales by the City Treasurer, or that the petition alleged that the life tenant was without property out of which the taxes could be realized, or that the remaindermen waived the prior sale of the life estate by failure to object, since it is manifest from the whole body of our statutory law relating to taxation and our decisions relating to duties of life tenants and remaindermen with respect thereto, that it was the legislative intent that inability of the taxing authorities to collect from the life tenant should be a condition precedent to the right to sell the interests of remaindermen for taxes. As an example, see Section 3007, Kentucky Statutes, which relates to the collection of taxes by cities of the first class. Also Thomas v. Thomas' Guardian et al., 244 Ky. 724, 51 S. W. (2d) 949; Fenley et al. v. City of Louisville, 119 Ky. 569, 84 S. W. 582.

It is true that Section 3187d, Kentucky Statutes, provides that attested copies of the tax bills when filed with the petition shall constitute prima facie evidence of the regularity of the assessment and levy and "of every other fact and proceeding necessary to entitle the City to judgment for the taxes  *  *  *  and to have a sale of the property for the payment of same, though said relief be against a non-resident or person under disability"; and that accordingly it was not necessary for the City, unless the question was put in issue, to prove that the life tenant did not possess other property out of which the taxes could be made. But the fact that the life estate was outstanding was set forth in the petition, and until it was exhausted, the Court was without jurisdiction to sell the whole property.

Judgment reversed for proceedings consistent with this opinion.