CASE 59—ACTION FOR SALE OF INFANT'S REAL ESTATE AND REINVESTMENT OF THE PROCEEDS—JAN. 24.

# Womble v. Trice's Guardian.

### APPEAL FROM BALLARD CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.     REVERSED.

INFANTS—SALE OF REAL ESTATE—PLEADING—FAILURE TO FILE TITLE PAPERS—GUARDIAN AD LITEM—REPORT.—DEPOSITIONS REQUIRED TO BE TAKEN ON INTERROGATORIES.

Held:     1. In an action by a guardian against his ward for the sale of the ward's real estate and a reinvestment of the proceeds as provided by Civ. Code Prac., section 489, plaintiff must, as required by Id., section 492, subsec. 4, state facts showing that the sale will benefit defendant, and not merely his conclusion to that effect.

2. Plaintiff should have filed with his petition the title papers under which the property was held, as required by Civ. Code Prac. section 492, subsec. 2.

3. Civ. Code Prac. section 52, providing that the clerk may, when there is no one on whom process can be served for an infant defendant, appoint a guardian *ad litem*, to the end that summons may be served on him, applies only to infants under fourteen years of age; and therefore the appointment of a guardian *ad litem* for an infant defendant sixteen years of age, before she had been served with process, was premature; it being provided by Id. section 38, that no appointment of a guardian *ad litem* shall be made until defendant is summoned.

4. Under Civ. Code Prac. section 36, subsec. 3, providing that no judgment shall be rendered against an infant until his guardian

or guardian *ad litem* shall have made defense, or filed a report stating that, after a careful examination of the case, he is unable to make defense, it was error to render judgment against an infant defendant upon the report of the guardian *ad litem* that he had no defence to make, without any statement that he had examined the record.

5. Where the only defendant against whom a deposition is to be read is under the disability of infancy alone, the deposition must be taken upon interrogatories, as required by Civ. Code Prac. section 574, except, as there provided, "in actions and proceedings for divorce and alimony and the custody of children when involved in such a suit."

OLIVER & OLIVER, FOR APPELLANT.

The judgment appealed from was rendered in the Ballard circuit court, April 22, 1899, ordering the sale of certain real estate which appellant, Bettie Womble *nee* Bettie Trice inherited from her father who died only a short time before the filing of the petition. Said judgment was to the effect that certain of the real estate be sold for the purpose of loaning the money out at interest, she being then only about sixteen years of age. We claim that the petition on which said judgment was rendered does not state facts, under the code, sufficient to give jurisdiction to the court to authorize the sale of the real estate of an infant.

1. Section 292, Civil Code provides: "*Facts must be stated in the petition and must be proved*, showing that the sale will benefit the infant." The petition in this case does not state a single *fact*, nor is a single *fact* proved to show that the sale would benefit the infant defendant. A mere statement of the guardian by his attorney, "that it will be greatly to the interest of his ward that the property be sold and the proceeds reinvested in other property, or the money loaned out at interest is not sufficient; this is stating a *conclusion* and not a *fact*. The petition was verified by the attorney and not by the guardian, and it does not appear that the guardian did not reside in the county.

2. Upon filing the petition, the clerk, on the back thereof, made a memorandum appointing I. E. Conly guardian *ad litem* for the infant defendant, Bettie Trice. This is the only appointment of a guardian *ad litem*, and this was before the infant had been summoned, which is in direct violation of section 38, Civil Code—the infant being then over fourteen years of age.

3. The answer filed by the guardian *ad litem* is not in compliance with the code. It is as follows: "Having been appoint-

Womble v. Trice's Guardian.

ed guardian *ad litem* for infant, Bettie Trice, in this action will say I have no defense to make in this action, but only ask the court to protect the rights of said infant according to law in the disposition of the proceeds from the sale of realty embraced in plaintiff's petition." He does not state as required by Civil Code, sec. 36. that he *"made a careful examination of the case"* or that *"he is unable to make defense."*

4. *The title papers, or copies of them, under which the property is held* were not filed with the petition as required by subsec. 2, sec. 492, of the code.

5. In this case in taking the proof, no interrogatories were filed in the clerk's office, and no caption showing the name and place of residence of the witness. No notice of the filing thereof, was given, and no commission to take depositions was issued, as required by section 575 of the Civil Code; and even if this had been done, they do not prove *facts* showing that the sale would be beneficial to the infant.

6. The judgment of sale uses this language: "And it is adjudged by the court that it is greatly to the interest and benefit of the defendant, Bettie Trice that said property be sold and the proceeds thereof reinvested for her use and benefit, as the court may hereafter direct . . . and the mode of investment of the proceeds raised by the sale of said property is hereby reserved for the future direction of the court." Under this judgment the sale was made and reported and confirmed.

We contend that the sale of this property under this judgment is not only voidable, but absolutely void and incapable of confirmation.

### AUTHORITIES RELIED ON.

Vowler's Heirs v. Buckman, 6 Dana, 466; Middes v. Bull, 13 R., 767; Walker v. Smyser, 80 Ky., 620; Henning v. Harrison, 13 Bush, 723; Allsmiller v. Fruechtenicht, 86 Ky., 198; Lawrence v. Conner, 12 R., 86; Beverly v. Perkins, 1 Duv., 251; Ivey v. Ingram, 4 Coldw., (Tenn.) 129; Curd v. Williams, 13 R., 855; Shields v. Craig, 1 Mon., 72; 96 Ky., 72; 16 R., 294; 17 R., 1115; Salyer v. Guscurth, &c., 3 R., 592; 79 Ky., 319; Civil Code, sec. 489, subsec. 5; 492; subsec. 4; 116-7; 38; subsec. 1; 36, subsec. 3; 574; 575; 581; 491; 494; subsecs. 1-4.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On March 11, 1899, appellee, T. M. Baker, as guardian of Bettie Trice (now Womble), filed this suit against her in the Ballard circuit court, under section 489 of the Civil

Code of Practice, for a sale of certain real estate owned by her and the reinvestment of the proceeds in other property. On April 22d the court, on the pleadings and proof, ordered a sale of the property, which was duly made, and the sale was subsequently confirmed. On March 19, 1901, this appeal was prosecuted by the ward; she having in the meantime married. The only party appellee is the guardian, T. M. Baker, and the only question before us is the regularity of the proceeding.

The allegation of the petition upon which the sale is ordered is in these words: "Now plaintiff states that it will be greatly to the interest of his ward that the above property be sold, and the proceeds thereof be reinvested in other property, or the money loaned out on interest." Section 492, subsec. 4, provides: "Facts must be stated in the petition and must be proved showing that the sale will benefit the defendant." The purpose of this provision is to require the pleader to allege in his petition more than his mere conclusions, and to state the facts on which these conclusions are based. The petition in this case does not comply with the statute. Subsection 2 of section 492 requires that the title papers, or copies of them, under which the property is held, must be filed with the petition. No title papers were filed with the petition. At the time the petition was filed, and when the summons was issued, the clerk made an order appointing a guardian ad litem for the infant. The ward was sixteen years of age. By section 52, the clerk may appoint a guardian ad litem in cases of this character when there is no one on whom the process can be served, to the end that the summons may be executed on him; but this section only applies when the infant is under age of fourteen years. By section 38, no appointment of a guardian ad litem shall be

made until the defendant is summoned. The appointment
by the clerk was therefore premature and without author-
ity. By section 36, subsec. 3, no judgment shall be ren-
dered against an infant until his guardian or guardian
*ad litem* shall have made defense or filed a report stating
that, after a careful examination of the case, he is unable
to make defense. The report of the guardian *ad litem* is
not sufficient, under this statute. It is in these words:
"Having been appointed guardian *ad litem* for the infant,
Bettie Trice, in this action, will say I have no defense to
make in this action, but only ask the court to protect the
rights of said infant according to law in the disposition
of the proceeds from the sale of realty embraced in plain-
tiff's petition." The requirement that the guardian *ad
litem* must file a report stating that, after a careful ex-
amination of the case, he is unable to make defense, is in-
tended to secure from him a careful examination of the
record; and the report filed in this case fails to show that
the guardian *ad litem* had discharged this duty.

The depositions filed in the record upon which the judg-
ment was rendered were taken upon cross-examination by
the guardian *ad litem*. Section 574 of the Code provides:
"If all of the parties against whom a deposition is to be
read have been constructively summoned and have not
appeared, or be defendants and under disability, other
than coverture or infancy and coverture combined, the
deposition must be taken upon interrogatories, except in
actions and proceedings for divorce and alimony and the
custody of children when involved in such a suit."

The section peremptorily requires all depositions to be
taken upon interrogatories in two classes of cases: (1)
Where all of the parties against whom they are to be read
have been constructively summoned and have not appear-

ed; (2) where all of the parties against whom they are to be read are defendants, and under disability other than coverture, or infancy and coverture combined. It applies to all actions except those for divorce and alimony and the custody of children, when involved in such suits. The only defendant to this action was the infant, Bettie Trice. She was the only party against whom the depositions were to be read, and was under disability other than coverture, or infancy and coverture combined. The proof should therefore have been taken upon interrogatories. When so taken, neither party is permitted to be present at the examination in person or by attorney, and the clerk, if no cross interrogatories are filed, is required to file certain questions to be answered by the witness. The purpose of the statute seems to be to protect infants and persons constructively summoned in the examination of the witnesses.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.