# Campbell v. Goodin's Guardian

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

From the judgment defendant appeals—Reversed.

1. Guardian and Ward—Sales Under Order of Court—Petition.—
   In an action by a guardian to sell his ward's interest in
   lands for the maintenance and education of the ward, as
   provided by Civ. Code Prac. section 489, subsec. 3, where it

Campbell v. Goodin's Guardian.

wa*s* alleged in the petition and shown in the judgment that the ward inherited the land from her mother and uncle, it was unnecessary that the title papers should have been filed, since, as the estate was cast upon her by the laws of descent, she had no muniments of title to be filed.

2.　Same—Care of Ward's Estate—Sale of Real Property.—Under Civ. Code Prac. section 489, subsec. 3, which provides that a court of equity may allow a guardian to sell his ward's real estate for the maintenance and education of the ward, a guardian, who is also the father of the infant ward, will not be permitted to sell her real estate, which constitutes her whole inheritance, unless it be clearly shown that he is unable to support and educate her, and his inability so to do must be alleged in the petition.

CALVIN HURST for appellant.

C. W. METCALF for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

Robert Goodin, as guardian of Myrtle Goodin, instituted this action in the Bell circuit court against his ward for the purpose of selling her undivided one-half interest in a tract of mountain lands situated in Bell county, Ky., and containing some 500 acres, for the purpose of properly educating and maintaining her with the proceeds. The land is fully described by metes and bounds in the petition, and the allegation is made that it is necessary for the maintenance and education of the ward that the property should be sold; she being without any other means of support. The proceeding is under subsection 3 of section 489 of the Civil Code of Practice, but we think the allegations of the petition are insufficient to authorize the sale. They show that Myrtle Goodin is a girl 16 years of age; that she is a cripple, and has no other means of her own support than the property in

question; that she has a good mind and is susceptible
of taking an education; but it is not alleged that her
father, who is also her statutory guardian, is not
able to maintain and educate his child.  After process
was served upon the infant defendant, a guardian ad
litem was appointed for her, who, after examining
into the matter, reported to the court that he was
unable to make an affirmative defense to the proposed
sale, and expressed the opinion that it would be
beneficial for the infant defendant if her land should
be sold as prayed in the petition.  Interrogatories
were filed, addressing questions to several witnesses,
whose testimony showed that the infant had no other
estate than the land ,and that a larger income would
accrue to her from the investment of the price of the
land than from the land itself.  Before the sale was
had a proper bond, as required by section 493 of the
Civil Code of Practice, was executed by the guardian
and approved by the court.  At the sale by the master
commissioner the property brought $2,800, which
seems to be about its value according to the testimony,
and within $200 of the highest appraisement made by
any of the witnesses who deposed on the question of
its value.  The purchaser at the commissioner's sale
filed various exceptions to it, among which were (1)
the failure to file with the petition the deeds or other
title papers which constitute the muniments of title
of the infant to the land sold; and (2) that the guard-
ian of the infant was also her father, that it was his
duty to support, maintain, and educate his infant
child, and that the court should not have sold the
whole estate of the infant to educate and maintain
her, it not having been made to appear that the father
was unable to do this for his child.  All of the ex-
ceptions were overruled, and the sale confirmed over

the objections of the purchaser, and the merits of this ruling of the court is the question before us for adjudication.

It is alleged in the petition, and shown in the judgment that the infant defendant inherited the land sold from her mother and her uncle. As the estate was cast upon her by the laws of descent, she had no muniments of title to be filed. Smith, etc., v. Leavill, Guardian, 29 S. W. 319, 16 Ky. Law Rep. 609.

The second exception above mentioned seems to us fatal to the sale. It is undoubtedly the duty of the father to support and maintain his infant daughter, and he cannot shift the responsibility to her estate, and thus consume her whole inheritance. The land in question is worth from $2,800 to $3,000, and constitutes the whole estate of the infant defendant. She is about 16 years of age, and a cripple. Without any attempt to disclose a reason for not supporting his child as the law requires him to do, the father asks the court to sell his daughter's whole estate and turn the proceeds over to him for the purpose of discharging a duty which primarily rests upon his own shoulders. In the case of Dixon v. Hosick, 101 Ky. 231, 19 Ky. Law Rep. 387, 41 S. W. 282, it is said: "It is the duty of a father, whether he is a guardian or not, to educate and support his children out of his own resources, and persons other than a father (stepfather) standing in loco parentis to the child may acquire a father's liability for its support and education." It seems to us clear that, before the father should be permitted to convert his infant child's estate into money for the purpose of her support and education, it ought to abundantly appear that he is not able, for some good and sufficient reason, to discharge the duty which the law imposes upon him.

This has not been done in this case, and we do not feel willing to uphold the sale in question.

For these reasons, the judgment is reversed, with directions to set aside the sale, and for further procedure consistent with this opinion.