## Taylor, et al. v. Taylor's Guardian, et al.

(Decided October 8, 1912.)

### Appeal from Pike Circuit Court

1. Infants—Action to Sell Land of For Education and Maintenance—Summons Upon.—In an action under section 489 of the Civil Code for the sale of a remainder interest in land for the maintenance and education of infants, the judgment authorizing the sale was erroneous for the reason that they were over the age of fourteen years and no summons was served upon them.

2. Same.—There is no authority to sell infants' real estate for education and maintenance when the parents are able to educate and maintain them.

CHILDERS & CHILDERS for appellants.

HARKINS & HARKINS for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was brought by the guardian of B. F. Taylor, Swannie Taylor and Mabel Taylor under section 489 of the Civil Code, to sell their remainder interests in some lands for the purpose of maintaining and educating them. The land was sold by order of court and this appeal is prosecuted by the attorney appointed guardian ad litem for the children. It is claimed that the judgment is erroneous because no summons was served upon B. F. Taylor and Swannie Taylor, infants over fourteen years of age, and because the evidence did not authorize the court to render the judgment of sale.

Dr. G. W. Taylor and Elizabeth Taylor, the parents of the children, were also made defendants and the sum-

mons was issued against them in the proper form, endorsed and returned executed by the sheriff as follows:

"Executed in full by delivering a true copy of the within, notice to Dr. G. W. Taylor; executed on B. F. Taylor, Swannie Taylor, Mable Taylor, Elizabeth Taylor, Dr. G. W. Taylor's infant heirs, by delivering a true copy of the within notice to Dr. G. W. Taylor for each of those infant heirs.

"This May 15th, 1909.

"J. A. Scott. S. P. C.<br>
"By W. A. May, D. S."

It was alleged in the petition and proved that at time of the service of the summons, B. F. and Swannie Taylor were nineteen and seventeen years of age. To authorize a judgment against a defendant it is necessary that a summons be executed on him, except, as provided in section 52 of the Code, when the defendant is under fourteen years of age, and the summons must then be served upon his father, mother, guardian or the person having him in charge, and it was held in Womble v. Trice, 112 Ky., 533, that there was no authority for the clerk to appoint a guardian ad litem for an infant over fourteen years of age until he had been summoned. B. F. and Swannie Taylor, the children over fourteen years of age, had not been summoned as required by the Code and the court did not have authority to order the sale of their property. B. F. Taylor, the oldest child, however, arrived at the age of twenty-one since the sale was made and seems to have ratified it in some way and has, as appears in this court, caused the appeal in so far as he was concerned, to be dismissed, but this does not affect the appeal by the others.

The evidence did not authorize the judgment for the sale of the land. As stated, the sale was sought because of the tender years of the infant defendants for which reason they could not be bound out as apprentices and because it was necessary to sell their interests for their maintenance and education. It was not alleged nor proved that the parents of the children were poor and unable to maintain and educate them. The only hint that such was the case was that one witness said they lived upon a poor and rocky farm. The father was a physician, and it is possible that he or their mother had other farms and valuable personal property which would

have enabled them to maintain and educate their children, which duty devolved upon them under the law. There is no authority to sell an infant's interest in real estate for such purposes when their parents are amply able to maintain and educate them. The evidence shows that the infants had no property other than their interests in the land, and that it was necessary to sell their interests therein in order to educate and maintain them in the position in society in which they have lived, but did not show the inability of the parents to furnish such maintenance and support. As stated, two of the defendants were over fourteen years of age and were not served with process. The service of process upon them was indispensable as the proceeding is under section 489 of the Code. The rule would be somewhat different if the proceeding was under section 490 of the Code, for under that section the guardian is authorized to institute the proceeding for his wards while under section 489 he cannot proceed without making his wards defendants and they cannot be brought before the court except by service of process.

For these reasons, the judgment of the lower court is reversed, and cause remanded for further proceedings consistent herewith. Whole court sitting.