## Damron, et al. v. Damron's Guardian.

(Decided April 26, 1916.)

### Appeal from Pike Circuit Court.

1. Infants—Sale of Real Estate—Maintenance and Education—Subsection 3, Section 489 of the Civil Code.—A sale of an infant's real estate for his maintenance and education should not be ordered except in a case of clear necessity.

2. Infants—Sale of Real Estate—Jurisdiction—Maintenance and Education—Subsection 3, Section 489 of the Civil Code.—Where an infant has an undivided interest in two smaller tracts of land, which are not likely to increase in value and whose proceeds are sufficient for his present necessities, his undivided one-fourteenth interest in a large tract of mineral and timber land, which will probably increase in value, should not be ordered sold for his maintenance and education, where the proceeds are far in excess of his present necessities and a large portion thereof may never be needed for the purpose for which the land is sold.

3. Infants—Sale of Real Estate—Jurisdiction—Maintenance and Education—Subsection 3, Section 489 of the Civil Code.—The chancellor is without authority to sell an infant's real estate for his maintenance and education, in the absence of evidence of inability of his parents to maintain and educate him.

4. Infants—Sale of Real Estate—Maintenance and Education—Inability of Parents—Evidence.—In an action for the sale of an infant's real estate for maintenance and education, the statement of a parent that he is unable to maintain and educate the infant is not sufficient evidence of his inability. He should state the facts with reference to the amount and character of his property, his income therefrom and from other sources, and give a list of the members of his family dependent on him, so that the court itself can determine the question of his inability.

A. L. RATLIFF and W. W. REYNOLDS for appellants.

J. J. MOORE and JOHN F. BUTLER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Edgar C. Damron, an infant eighteen years of age, is the owner of an undivided one-fourteenth interest in a tract of land lying in Pike county and containing about 2,700 acres. This suit was brought by the father and guardian of the infant under sub-section 3, section 489 of the Civil Code, to sell the interest of the infant in the above tract of land for the purpose of raising funds for his maintenance and education. A guardian *ad litem* was

appointed, proof taken on interrogatories and a sale ordered. E. F. Pierce became the purchaser, at the price of $35.00 per acre. The sale was excepted to on the ground that the proof was insufficient to authorize a sale, and that the advertisement of the sale was defective. These exceptions were overruled and both the infant and the purchaser appeal.

It appears from the petition and proof that the land in controversy is rough, mountainous land and not susceptible of cultivation. It is valuable chiefly for its mineral and timber. At present the infant derives no income from the property. The only other property he owns is a one-fourth interest in a town lot worth about $250.00, and a one-half interest in a tract of land worth about $400.00. The father testifies that the land cannot be divided without impairing its value, and that the price offered and bid by the purchaser is a better price than the coal companies have been paying for similar lands. He also says that the infant is an eighth grade student and it will take him three more years to finish the high school; that the completion of his high school education will require about $1,500.00, and of his college course about $2,000.00 more. The father also says that he is not able to give the infant an education, and that at present the infant is not deriving any income from the land in question, or from any other lands in which he has an interest. A brother of the infant testifies to substantially the same facts. He says that it will require about $3,000.00 to complete the infant's education, and that, so far as he knew, his father's financial condition was not such as would permit him to educate the infant to any extent. He further says that the financial condition of the infant would not enable him to procure an education without the benefits derived from the sale of the land. Edward Holley, a civil engineer, also testifies as to the rough character of the land and says that it cannot be divided without impairing its value.

The courts which are charged with the duty of looking after the welfare of infants and carefully guarding their property rights should not order a sale of their real estate, even for the purpose of their maintenance and education, except in a case of clear necessity. Here the land sought to be sold is valuable chiefly for its mineral and timber. While the purchase price may be all that it is reasonably worth at the present time, it is by

no means probable that its value will decrease. On the contrary, it is altogether likely that the land will increase in value. Though it may be true that the infant at the present time intends to complete both his high school and college courses—a fact which the record fails to show—yet, common experience tells us that young·men not infrequently abandon their intentions respecting the completion of their education. The proceeds of the sale in this instance amount to about $4,500.00. It is clear that this sum will not be required for the infant's present maintenance and education, and whether or not the greater portion of it will be required for his future necessities is altogether problematical. On the other hand, he has an interest in two other small tracts of land, which are not so likely to increase in value as the tract in controversy, and the proceeds of the sale of these two tracts would be sufficient for his present necessities. Under the circumstances, it would seem to be the part of wisdom to sell the two smaller tracts, which are not likely to increase in value and whose proceeds will be sufficient for the infant's present necessities, rather than sell the tract in controversy, which will probably increase in value, for a sum far in excess of his present necessities and for a purpose which may never require the expenditure of any considerable portion of that sum. It is clear, therefore, that the facts and circumstances, as shown by the record, do not make out a clear case of necessity for the sale of the infant's interest in the tract in controversy.

We may also add that the chancellor is without authority to sell an infant's real estate for his maintenance and education, in the absence of evidence of inability of his parents to maintain and educate him. Taylor, et al. v. Taylor's Guardian, et al., 149 Ky. 707, 149 S. W. 1000, Ann. Cas. 1914b 275; Dixon v. Hosick, 101 Ky. 231, 41 S. W. 282; Campbell v. Goodin, 128 Ky. 278, 108 S. W. 248. On this question the brother of the infant says: "The financial condition of our father, so far as I know, would not permit him to educate Edgar C. Damron to any extent." The father himself says: "I am not able to give him an education." ·Very few people agree with respect to their financial ability to help others. Their opinions vary with their characters and their particular points of view. One father whose financial ability is unquestioned may honestly believe

that his income is not sufficient to enable him to maintain and educate his child, especially if that child has some property of his own. Another parent, under the same circumstances, will readily concede his ability and inclination to bear such a burden. We, therefore, conclude that a case of this kind should not turn on a mere expression of opinion by the father that he is unable to maintain and educate the child. He should state the facts, so that the court itself can pass on the question of his ability. To that end he should state the amount and character of his property, his income therefrom and from other sources, and give a list of the members of his family dependent on him. We, therefore, conclude that the evidence in this case is insufficient to show the father's inability to support and educate the infant.

The foregoing conclusions make it unnecessary for us to pass on the sufficiency of the advertisement.

Judgment reversed and cause remanded for proceedings consistent with this opinion.