### Luscher v. Julian's Administrator.

(Decided January 10, 1917.)

### Appeal from Franklin Circuit Court.

1. Infants—Sale of Real Estate—Liability of Ancestor.—Before an infant's real estate can be sold to discharge the liability of his ancestor in an action brought pursuant to section 429 of the Civil Code, it must affirmatively appear, by competent proof in the record when the sale is ordered, that the personal estate of the decedent is insufficient to pay his debts, and such proof cannot be supplied after the sale takes place and exceptions thereto are filed by merely filing exhibits which were referred to in the petition but not filed therewith.

2. Infants—Sale of Property—Support and Maintenance—Power of Court.—The chancellor is without authority to sell an infant's real estate for his maintenance and education, except in a case of clear necessity and a showing that his parents are unable to maintain and educate him.

3. Infants—Sale of Real Estate—Deposition.—Where the only defendant against whom a deposition is to be read is under the disability of infancy alone, the deposition should be taken upon interrogatories, although there are other parties defendant.

J. S. LUSCHER for appellant.

IRA JULIAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

C. H. Julian died intestate a number of years ago. He left surviving him his widow, now Mrs. J. D. Stewart, and an infant son, Alexander Julian, Jr. Clarence Julian was appointed administrator of the estate of the decedent and guardian of the infant, Alexander Julian, Jr.

The decedent owned considerable estate at the time of his death. Dower was allotted to the widow. Besides other tracts of land which descended to the infant, the decedent owned a tract consisting of about 117 acres, located in Franklin county on the Louisville turnpike.

This suit was brought by Clarence Julian, as administrator of C. H. Julian and guardian of Alexander Julian, Jr., against Alexander Julian, Jr., and others to sell the above tract for the purpose of paying the debts of C. H. Julian and to provide for the maintenance and education of the infant. The land was sold and William T. Luscher became the purchaser. From a judgment overruling his exceptions to the report of sale the purchaser appeals.

The following facts appear in the petition: At the time of his death, C. H. Julian owned considerable personal property and several pieces of real estate. He was then indebted to George W. Chinn and Mrs. Jennie Chinn, and also to Mrs. M. B. R. Day, and Mrs. Mag Crockett, now deceased, and various other persons to the amount of over $7,794.00, and his personal property was wholly insufficient to pay off and discharge such indebtedness.

After his qualification as administrator and guardian, plaintiff took charge of the estate of the decedent and the real estate descended to the infant, and proceeded to sell the personal property and collect the proceeds. Commissioners were appointed and a tract of 235 acres assigned and conveyed to the widow as her dower interest in the estate of the decedent. Plaintiff also proceeded to rent the lands descended to the infant and manage the estate of the infant so as to provide for his maintenance and education. During the month of October, 1915, he made a final settlement of his accounts, both as administrator and guardian, in the Franklin County Court. According to these settlements, the estate of the decedent was indebted to plaintiff as ad-

ministrator in the sum of $1,618.46, while plaintiff was indebted to his ward in the sum of $457.82, subject to his commissions as guardian. These settlements are referred to and made a part of the petition, but were not filed until after the sale took place. At the time of the filing of the petition there was not sufficient personal property on hand to pay the indebtedness of the decedent, nor was there sufficient money or income from the estate of the infant to provide for his proper maintenance and education during his minority. The land sought to be sold could not be divided without materially impairing its value. The other parcels of real estate owned by the infant were such that they could not be sold for their fair value, and it was to the best interest of his estate that the tract on the Louisville pike should be sold for the payment of the debts of the decedent, and to provide for the education and maintenance of the ward. T. H. Jones was appointed warning order attorney for Mrs. J. D. Stewart, who lives in Arkansas, and filed a letter from her stating that she claimed no interest in the tract sought to be sold. George W. Chinn and Mrs. Jennie Chinn filed answers, stating that Clarence Julian, as administrator of C. H. Julian, deceased, was indebted to them in the amounts set forth in the county court settlement of his accounts referred to and made a part of the petition. Clarence Julian, as guardian of Alexander Julian, Jr., filed an answer to the effect that the facts stated in the petition were true and that the best interest of the infant required a sale of the real estate in question. The deposition of William Powers was taken. Powers testified that, in his opinion, the tract of land in controversy could not be divided without materially impairing its value.

Later on, a certified copy of the petition and summons was served upon the infant while he was temporarily in Arkansas.

A guardian *ad litem,* who was appointed to represent the infant defendant, filed a report stating that he had made a careful examination of all the papers on file, and that he believed it to be to the best interest of all parties concerned that the land be sold.

Bond was executed pursuant to section 493 of the Civil Code and approved by the court, but was not recorded with the judgment, the judgment merely stating, "and the bond required by section 493 of the Civil Code executed."

After the report of sale had been made and exceptions thereto had been filed, plaintiff was permitted to file a supplemental petition and copy of his settlements filed as administrator and guardian in the county court. The supplemental petition stated that Mrs. Stewart, the mother of the infant, was unable to provide for his proper maintenance and education. The supplemental report of the guardian *ad litem* stated that he was unable to make a defense to the action.

Upon this showing the court directed the clerk to certify to the clerk of the Franklin County Court a copy of the guardian's bond theretofore approved, to be recorded in the county clerk's office, and also entered an order overruling the purchaser's exceptions to the report of sale and confirming the sale.

The courts have no inherent power to order the sale of an infant's real estate. Their powers are purely statutory, and the statutes must be strictly complied with to divest the infant of title. Ford, et al. v. May, et al., 157 Ky. 830, 164 S. W. 88; Hays, et al. v. Wicker, 161 Ky. 706, 171 S. W. 447; Melcher v. Yager's Guardian, 159 Ky. 597, 167 S. W. 871; Wyatt's Trustees, et al. v. Grider, et al., 158 Ky. 440, 165 S. W. 420. In this case it was sought to sell the tract in controversy for two purposes: (1) To pay the debts of the decedent; (2) to provide for the maintenance and education of the ward. The only heir of the decedent was an infant over fourteen years of age. Section 126 of the Civil Code of Practice provides that all material allegations of the pleadings against infants must be proven, even though not denied. Section 127 defines a "material allegation" to be one necessary to support the cause of action. Section 429 sets out at length what facts must be stated in the petition for a sale of the decedent's real estate for the purpose of settling his estate. These necessary allegations are the amount of the debts, the nature and value of the property, real and personal, so far as known to the plaintiff, and whether or not the personal estate is sufficient to pay all debts. Before an infant's real estate can be ordered sold to pay the debts of his ancestor, it should affirmatively appear, at the time, that the personal property of the decedent is insufficient to pay his debts. Here the only proof of this fact was contained in the administrator's settlement, which was referred to and made a part of the petition,

but not filed therewith until after the sale had taken place and exceptions thereto had been taken. As stated in the case of Carter v. Crow's Admr., 130 Ky. 41, 112 S. W. 1098, "we are familiar with no authority which authorizes a sale of the decedent's real estate until the necessity therefor has been established by pleading and proof." This necessity must be established by proof in the record when the sale is ordered. It is not sufficient, we think, to supply such proof after the sale has taken place by merely filing exhibits which should have been theretofore filed. Clay's Guardian, et al. v. Rice, 172 Ky. 164.

When we come to consider the second ground on which the sale was prayed, we find that there was no proof that the infant was attending school or intended to attend school. Nor was there allegation or proof to show the inability of his mother to maintain and educate him. We have written that the chancellor is without authority to sell an infant's real estate for his maintenance and education, except in a case of clear necessity and a showing that his parents are unable to maintain and educate him. Damron, et al. v. Damron's Guardian, 169 Ky. 678, 184 S. W. 1129; Taylor, et al. v. Taylor's Guardian, et al., 149 Ky. 707, 149 S. W. 1000, Ann. Cas. 1914B 275; Dixon v. Hosick, 101 Ky. 231, 41 S. W. 282; Campbell v. Goodin, 128 Ky. 278, 108 S. W. 248. It is clear, therefore, that a sale for the purpose of maintenance and education was not authorized when the judgment was entered. The fact that the mother of the infant subsequently filed an answer stating that she was unable to support the infant was not sufficient to supply the omission of proper proof of this fact when the sale was ordered. Clay's Guardian, et al. v. Rice, *supra*.

The only proof before the court when the sale was ordered was a deposition to the effect that the land could not be divided without materially impairing its value. This deposition was not taken in interrogatories. The code provides that if all the parties against whom a deposition is to be read are under disability, other than coverture or infancy and coverture combined, depositions must be taken upon interrogatories. Section 574 of the Civil Code; Womble v. Trice, 112 Ky. 533, 66 S. W. 370. While other persons were made parties defendant, the deposition was not to be read

against them, but only against the infant defendant. Hence it should have been taken upon interrogatories.

We deem it unnecessary to pass on the other exceptions, in view of the fact that the matters complained of will not likely occur on another hearing.

Judgment reversed and cause remanded for proceedings consistent with this opinion.