### Bennett, et al. v. Owen, et al.

(Decided February 11, 1919.)

#### Appeal from Crittenden Circuit Court.

1. Infants—Sale of Land of Infant Under Statute.—In an action brought to obtain a sale of real property, inherited by infants from their father, to pay debts owing by the estate of the latter; and, also, to settle the estate, the proceedings must strictly conform to the provisions of Civil Code, sections 428-489.

2. Infants—Sale of Land of Infant Under Statute.—Where in an action for the sale of infants' real property for the payment of the debts of an ancestor and to settle the latter's estate, the judgment ordering the sale of the real property failed to fix or declare the amount of the debts, determine whether the property was or not divisible, or to provide, in case a sale of the whole should be necessary to pay the debts, what disposition should be made of the

surplus proceeds, if any, arising from the sale; and at a sale subsequently made of the property by the court's commissioners, more of it was sold than required to pay the decedent's debts, such judgment and the sale made thereunder were and are void as to the infants, and, by reason thereof, subject to collateral attack in an action brought by them to recover the land of the purchaser at the decretal sale and his vendee.

MILLER & MORSE for appellants.

JOHN A. MOORE and JAMES A. MOORE for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

W. L. Bennett died January 3, 1908, in Crittenden county, intestate, survived by his wife, Julia E. Bennett, and three children, Carrie Frances Bennett, Henry Walton Bennett, and Emma Crystal Bennett, all of whom are infants under twenty-one years of age. The widow, in 1915, married J. E. Emery. W. L. Bennett owned at the time of his death three lots in the town of Dycusburg, and a two hundred acre tract of land on the waters of Livingston creek and the Cumberland river, one hundred acres of which, including the improvements, was shortly after his death, allotted to his widow as dower. Shortly after W. L. Bennett's death the widow, by an order of the Crittenden county court, was appointed and duly qualified as the statutory guardian of each of the three infant children above named, in which capacity she is still acting. About the same time one H. A. Haynes, by an order of the Crittenden county court, was appointed and duly qualified as the administrator of W. L. Bennett's estate.

W. L. Bennett left a small personal estate, which went into the hands of the administrator following his appointment. As there were some debts owing by the estate and the personal property was insufficient to pay them, the administrator brought an action in the Crittendon circuit court under sections 428-489, Civil Code, to obtain a sale of the real estate left by the decedent, or enough thereof to pay the debts and also for a settlement of the estate, the widow and children being joined as defendants, the former in her capacity of widow and as statutory guardian for the children. The cause was referred to the master commissioner to report the assets and liabilities of the estate, and he later filed a report which showed the indebtedness to be $611.14, and that the cost of sale and effecting the settlement would prob-

ably amount to $175.00; and further, that there was no personal property to be applied to the payment of this indebtedness.

It does not appear from the record that the report was excepted to or confirmed; but following the filing of same the court entered judgment declaring necessary a sale of the real estate for the payment of the decedent's debts, and costs of the action, and directing a sale of a sufficiency of the real estate for that purpose, the whole of which is accurately described in the judgment, which excluded from the sale the one hundred acres of land previously allotted the widow as dower. The judgment, however, does not state the amount of the debts, but does recite that there shall be included in the costs of the action and paid out of the proceeds of sale, $100.00, allowed as a fee to the attorney of the administrator.

Acting under the authority conferred by this judgment the master commissioner advertised and sold at public outcry the whole of the real estate left by the decedent, except the widow's dower. The town lots were sold first and brought in the aggregate $365.00. The land, exclusive of the dower, was then sold in gross, bringing $1,035.00, the appellee, Henry Owen, being the purchaser. The sale was reported to and confirmed by the court, and by the court's order a deed was made through the master commissioner conveying the land to the appellee Owens, purchaser, who thereafter sold and, by deed, conveyed it to the appellee, William Griffin, who is now in possession of it. It will be seen from what has been said that the land purchased by Owen at the decretal sale and for which he paid only $1,035.00, contains 118 acres of fertile bottom land; and further, that although there were but $611.14 of debts owing by the estate and $175.00 costs, making a total indebtedness of $786.14, there was realized from the sale of the real estate $1,400.00, or $613.86 more money than necessary to pay the reported debts. Looked at from another angle, we find that upon crediting the indebtedness of the estate, $786.14, by the $365.00, realized from the sale of the town lots, there was but $421.14 of indebtedness left; yet for this there was sold a tract of 118 acres for $1,035.00, which was $613.86 in excess of the amount required to complete the payment of the debts.

The infant appellants, children and heirs at law of W. L. Bennett, deceased, suing in their own right, by their statutory guardian and also a next friend, brought

the present action in the Crittenden circuit court against the appellees, Owen and Griffin, seeking to recover of them the 118 acres of land purchased at the decretal sale in the former action by Owen and sold by him to Griffin; and also to recover of them the rental value of the land for the years they have had it in possession. The petition sets forth the facts relating to the bringing of the action by the administrator, the rendition of the judgment therein, and the sale of real estate made thereunder, substantially as they are recited in this opinion. It is alleged in the petition that the judgment in that action, the sale thereunder of the land in question and its purchase by Owen, are void, as are the deeds attempting to convey it, made by the master commissioner to Owen and by Owen to Griffin, because there was more land sold in the action than was necessary to pay the debts against the estate of W. L. Bennett, deceased, and the court was without jurisdiction to sell more than enough of the real estate than was necessary to pay the decedent's debts. Furthermore, that the judgment sale and subsequent conveyances are void, because the judgment of the court did not fix or name any sum as indebtedness of the estate of W. L. Bennett, except a fee of $100.00, allowed therein to the administrator's attorney.

Appellees filed a general demurrer to the petition which the circuit court sustained. Appellants then tendered and offered to file an amended petition which the court refused to permit to be filed. Appellants excepted to the court's ruling in sustaining the demurrer to the petition and rejecting their amended petition; and refusing to plead further, their petition was dismissed. From the judgment manifesting these rulings this appeal is prosecuted. The amended petition, not permitted to be filed, was by proper order made a part of the record for the purpose of appeal.

The facts alleged in the petition being admitted by the demurrer must be taken as true; it is only our duty therefore to determine whether the petition states a cause of action. For very sufficient reasons the judgment in the action brought by the administrator and sale thereunder must be held void. According to the averments of the petition, which are admitted by the demurrer, the judgment does not show the indebtedness of the estate nor declare the real estate indivisible, and no order was ever entered in the case confirming the commissioner's report showing the indebtedness. In addition, the judg-

ment made no provision respecting the disposition to be made of the surplus proceeds arising from the sale of the real estate, in the event it was found necessary to sell more of it than would pay the debts. As there were 200 acres of land belonging to the estate, saying nothing of the town lots, the court should have judicially known and declared it divisible, and by the judgment directed that only enough of it to pay the debts be laid off and sold for that purpose. As it was, the commissioner, without offering for sale a less quantity from that part of the land, not included in the dower, sold the entire 100 acres, merely announcing at the time that he would sell 100 acres ''off the south side running the line due east and west from the river to a point in dower line so as to make 100 acres off the south side of same;'' and the land thus designated, which included 118 instead of 100 acres, was sold. It is not to be overlooked that the action was one to sell the real estate of infants for the debts of the ancestor, from whom they inherited it, as well as to settle the latter's estate. So the proceedings were governed by section 489, as well as section 428, Civil Code. In Elliott v. Fowler, 112 Ky. 376, and the numerous cases therein cited, we held that a judgment for the sale of an infant's real estate and the sale made thereunder, are void, unless all the provisions of the statute authorizing the sale are strictly complied with; and that under Civil Code, section 489, in an action to settle an estate and sell an infant's land for debts of the decedent, a judgment for the sale of the land without ascertaining or fixing the amount of the indebtedness, as well as the sale made thereunder, were void as to the infant, to the extent that more land was sold than was necessary to pay the debts. Without commenting in detail on the several authorities cited in the opinion, it is sufficient to say that they as well as the following cases, Crutcher v. Rodman, 118 Ky. 506, and Carter v. Crow, 130 Ky. 41, decided since Elliott v. Fowler was decided, all adhere to the conclusion expressed therein. As the judgment and sale in question are both void appellants have the right to attack them as here attempted; and if the facts alleged in the petition are established by proof, they will be entitled to the relief demanded.

As the question is not before us, we do not now pass upon the equities that may arise in behalf of appellees, if upon the final hearing the circuit court should adjudge appellants entitled to the land. In that event, as appel-

lees were purchasers in good faith, they should be returned the consideration paid by Owen for the land at the decretal sale; but, as stated, that question, as well as the question of rents claimed by appellants and whatever other equities may be presented in behalf of the parties, will properly be adjusted on the return of the case to the circuit court and following the filing of appellees' answer. Upon the return of the case appellants should be permitted to file the amended petition heretofore rejected by the court, as it merely sets out with greater particularity facts already alleged in the petition that are essential to a statement of the cause of action.

For the reasons indicated the judgment is reversed and cause remanded with instructions to the lower court to overrule the demurrer to the petition and for further proceedings consistent with the opinion.