## Girdler, an infant, by et al v. Girdler, et al.

(Decided May 13, 1919.)

### Appeal from Pulaski Circuit Court.

1. Depositions—Nature and Form of Proceeding—Infants.—Depositions to be read against infants alone, not under the disability of coverture, must be taken upon interrogatories, as provided in sec. 574, Civil Code.

2. Infants—Sale of Infants' Land.—Where the lands of infants are sold at a decretal sale under an erroneous judgment, a bona fide purchaser within sec. 391 of the Civil Code will not be disturbed.

BEN V. SMITH & SON for appellants.

E. T. WESLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

George B. Girdler, the owner of a tract of about 28 acres of land in Pulaski county, died some time prior to 1908, and left surviving him a wife and five minor children. This action was instituted by the widow, Mary L. Girdler, against the infant children for a sale of the land owned by Girdler and a division of the proceeds, upon the allegation that the land was indivisible. A guardian *ad litem* was appointed to represent the infants and filed an answer in which he alleged that he, "after an examination of the pleadings and evidence herein, is unable to make an affirmative defense, but believes the relief prayed for would be to the best interest of the said infants." One deposition only was taken and that supports the allegations of the petition. The case was then submitted for judgment and decree entered directing a sale of the land as prayed, and in due course the sale was had of the lands by the commissioner, at which sale J. W. Girdler became the purchaser at the price of $100.00. The master commissioner was directed to and did make a deed for the lands to the purchaser, and the purchaser paid into court the amount of his bid, which sum was first applied to the payment of cost and then distributed among the children and widow.

About nine years after the rendition and entry of this judgment, the youngest heir, Lena P. Girdler, yet an infant, by her guardian, prays an appeal in this court and asks a reversal of the judgment. There is no brief in the record for the appellee, and the purchaser, J. W. Girdler, is not a party to the action.

The ground relied upon for a reversal of the judgment is the failure of the plaintiff below to take proof in depositions upon interrogatories instead of upon notice and personal examination. Sec. 574 of the Civil Code specifically provides that a deposition which is to be read as evidence against infant defendants, not under the disability of coverture, "must be taken upon interrogatories." In the case of Wombles v. Trice's Guardian, 112 Ky. 533, this court, in considering a similar objection, said: "The section peremptorily requires all depositions to be taken upon interrogatories in two classes of cases: (1) where all of the parties against whom they are to be read have been constructively summoned and have not appeared; (2) where all of the parties against whom they are to be read are defendants, and under disability other than coverture, or infancy and coverture combined. It applies to all actions except those for divorce and alimony, and the custody of children, involved in such suits. The only defendant to this action was the infant, Betty Trice. She was the only party against whom the depositions were to be read, and was under disability other than coverture, or infancy and coverture combined. The proof should therefore have been taken upon interrogatories." As the deposition taken in this case was to be read against the infant defendants only, and none of them were under the disability of coverture, it is manifest that the Code provision has application to this case, and as the deposition was not taken upon interrogatories, there was no competent proof before the court upon which to render judgment. The judgment is therefore erroneous but not void. The Code provision is mandatory and must be complied with. Luscher v. Julian's Admr., 173 Ky. 150.

The judgment, therefore, must be reversed in so far as it affects the infant appellant, Lena P. Girdler.

If J. W. Girdler, the purchaser at the decretal sale of the property in controversy, was a stranger to the record and a *bona fide* purchaser within sec. 391 of the Civil Code, the sale cannot be set aside, but if he was not a *bona fide* purchaser within the meaning of that section of the Code, then the sale might be set aside. Webb v. Webb's Guard., 178 Ky. 152; Hays v. Beaver Creek Coal & Coke Co., 178 Ky. 149.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.