# Whittaker v. Prater.

(Decided May 19, 1931.)

JOE HOBSON for appellant.

W. C. GOBLE and JOHN C. HOPKINS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Mary Whittaker, now Mary Prater, owned a tract of land in Floyd county which she inherited from her father. On June 28, 1928, she and her husband, John M. Whittaker, conveyed the land to Homer Whittaker, the son of John M. Whittaker, by a former marriage. At that time Homer Whittaker was an infant about 10 years of age. On June 19, 1923, Mary Prater, who in the meantime had been divorced from her husband, brought this suit against the grantee and his father to set aside the deed on the ground that it was executed without consideration, and was obtained from her by fraud, undue influence, and coercion. On proper affidavit a guardian ad litem was appointed, who filed a report. stating that, after an examination of the entire record and of the facts and circumstances connected with the execution of the deed, he found that the deed was obtained from plaintiff by John M. Whittaker by means of threats and undue influence, and that by reason thereof he was unable to make any defense for the infant defendant. Evidence was taken by depositions pursuant to notice. Mary Prater deposed that she inherited the land from her father; that John M. Whittaker had been trying for over a year to get her to make a deed to his child, and that she did not want to make the deed; that he went to Prestonsburg and had the deed prepared, and when he came back he told her that he had a paper he wanted her to sign conveying the land to Homer; that he told her that she must sign the paper when they came back, and she signed it through fear of her husband; that the clerk told her three times to come on and sign the deed, but she would not go until John M. Whittaker told her to; that he had whipped her several times before and had told her that before he went after the clerk she must sign the paper when he came back with the officer, and she was afraid not to sign. Dan Prater testified that plaintiff was the owner of the land, and "had heired it from her father"; that it was the rumor of the neighborhood that her husband, John M. Whittaker, made her do what he wanted her to do, and

the general understanding that he forced her to make the deed. Jasper Hicks, the deputy county court clerk of Magoffin county, who took the acknowledgment, testified that plaintiff seemed not to be willing to sign the deed; that when he went to the Whittaker home she was sitting on the side of the bed crying; that he asked her three or four times whether she would acknowledge the deed to Homer Whittaker, and she would not answer until John M. Whittaker told her to tell him what she was going to do; that she then got up from the bed crying, and signed the deed and went away crying; and that it was his impression that she was persuaded and scared into making the deed. On this showing the chancellor rendered a judgment cancelling the deed. From that judgment, through his next friend, J. M. Whittaker, Homer Whittaker, who is still an infant, has appealed.

The petition was not defective on the ground that it failed to allege that plaintiff's husband, John M. Whittaker, joined in the execution of the deed. It was not necessary for plaintiff to plead facts showing that the deed was valid before she could have it set aside. If, as a matter of fact, her husband had not united in the deed, that would have afforded an additional ground for setting the deed aside, but would not have prevented her from relying on other grounds. Nor is there any merit in the contention that the petition should have alleged that plaintiff acknowledged the deed. She did not set up any right under the deed, but was seeking to have it canceled. She did allege that she executed and delivered the deed, and on this phase of the case the allegation was sufficient.

The petition was not a collateral attack on the certificate of acknowledgment. Plaintiff did not proceed on the theory that there was no acknowledgment, or that it was not taken in conformity with the statute, but based her cause of action on the ground that there was no consideration for the conveyance, and that its execution was the result of fraud, undue influence, and coercion.

It was not necessary to allege that the grantee in the deed, who was an infant only 10 years of age, participated in the wrongs complained of. It was alleged that the wrongs were committed by the infant's father, and it clearly appeared from his petition that the infant was the beneficiary of the wrongs alleged.

As the case must be reversed on another ground, and plaintiff will be permitted to amend the petition and set

out more particularly the facts constituting fraud, undue influence, and coercion, as well as the agency of the infant's father in consummating the transaction on behalf of the infant, we deem it unnecessary to determine whether the petition was defective in any of these respects.

Section 574, Civil Code of Practice is as follows: "If all of the parties against whom a deposition is to be read have been constructively summoned and have not appeared, or be defendants and under disability, other than coverture or infancy and coverture combined, the deposition must be taken upon interrogatories (except in actions and proceedings for divorce and alimony and the custody of children when involved in such a suit)." Construing this section we have uniformly ruled that, if all the parties against whom a deposition is to be read are infants, the deposition must be taken on interrogatories, but, if one of the parties against whom the deposition is to be read is an adult, the section does not apply. Womble v. Trice's Guardian, 112 Ky. 533, 66 S. W. 370, 23 Ky. Law Rep. 1939; Sears v. Collie, 148 Ky. 444, 146 S. W. 1117. Here the depositions were not taken on interrogatories. Appellee insists that the case falls within the exception as John M. Whittaker was made a party defendant. We are unable to agree with this contention. Though made a party defendant, and charged with the perpetration of the wrongs complained of, the only relief asked was the cancellation of the conveyance to the infant, and no relief of any kind whatsoever was sought, or could have been granted, against John M. Whittaker. That being true, he was not a party against whom the depositions were to be read, and the mere fact that he was made a party did not dispense with the necessity of taking the depositions on interrogatories. Luscher v. Julian's Adm'r, 173 Ky. 150, 190 S. W. 692; Bond v. Dean, 223 Ky. 713, 4 S. W. (2d) 721. For this reason the judgment is erroneous. Girdler v. Girdler, 184 Ky. 260, 211 S. W. 857.

As the evidence must be retaken, it is proper to state that Mrs. Prater is a competent witness on the questions of no consideration, fraud, undue influence, and coercion, and may testify as to what took place between her and her husband prior to and on the occasion the deed was acknowledged.

As the evidence does not tend to impeach his certificate, the deputy clerk may describe the appearance and

conduct of Mary Prater when the deed was acknowledged, but he will not be permitted to state that it was his impression that she was persauded and scared into making the deed.

Evidence that it was the rumor of the neighborhood that John M. Whittaker made his wife do what he wanted her to do, or that it was the general understanding that he forced her to make the deed, should not be admitted.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.