# Howard et al. v. Howard et al.

April 22, 1941.

H. L. Bryant and F. R. Whalin for appellants.

James S. Golden and Cleon K. Calvert for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Shortly after the death of James Howard in 1929, his brother, Elisha Howard, was appointed to administer his estate. James Howard left four infant children. The oldest, Grant Howard, was 12 years of age at the time this action was filed (February 15, 1930) to settle his father's estate. The mother of the infant children, Sarah Jane Fuson, was divorced from their father and had married again. Two of the children lived with her and two with the decedent. Subsequently, the latter two

made their home with their uncle, the administrator, on property of the decedent. Mrs. Fuson was appointed statutory guardian for the four infant children.

Elisha Howard initiated this action to settle his deceased brother's estate, which consisted of a small amount of personalty and some real estate in Bell county. The administrator made parties defendant certain known creditors, the infant children and their statutory guardian. The petition set forth that the personal property was insufficient to pay the decedent's debts and that the court should order all of the real estate sold for the payment of the residue of the debts. A guardian ad litem was appointed for the infant children. One of the creditors listed in the petition filed an answer setting up its claim. An answer was filed by the guardian ad litem and the statutory guardian. The answer, among other things, contained a denial that the personal estate of the decedent was insufficient for the payment of his debts, and that the court should direct the sale of all, or any, of the real estate for the payment of the residue of the debts. The prayer of the answer was as follows:

"Wherefore these defendants pray that the interest of the infant defendants and each of them be protected, and that the residue, if any, of the personal estate of the decedent, James G. Howard, after paying all the legal claims against said estate and the cost of administration, be paid to the guardian of said infants, and that if the Court finds it necessary to sell the real estate owned by the decedent, or any of the same, to pay any just claims against said estate that the mountain land described in the petition be first sold and that the home place mentioned in the petition be reserved if possible for these infant defendants, and that if the Court finds it necessary to sell all or any of said home place that only so much of same be sold as is necessary to pay said debts and that the residue of the proceeds of the sale of all or any of said real estate, if any, after paying the aforesaid legal claims and cost including a reasonable allowance to their attorney be paid to the guardian of said infants; they pray for their cost and all equitable and proper relief."

Depositions were taken in August, 1930, but not on interrogatories, as provided in Section 574, Civil Code of Practice, and as the appellants contend they should

have been taken. Judgment was entered in September, 1930, directing the sale of the property. The judgment recited, among other things, that the depositions had been read and considered; that it appeared that there was not sufficient money or personal property belonging to the estate of the deceased to pay the debts; that the estate was being consumed by interest charges; and that the court was of the opinion that it was best for all parties concerned to order a sale of the real estate. The judgment further set forth that:

"The commissioner will offer and sell Tract No. I, first, and if it does not bring a sum equal to $4000 he will then proceed and offer to sell Tract No. II, but if Tract No. I, should bring as much as $4000 it is the order of this court that he shall sell no more of said real estate."

Tract No. I was appraised at $600 and Tract No. II at $3,500. The commissioner's report set forth that Jakie Howard, being the highest and best bidder, became the purchaser of Tracts I and II at a price of $3,650. No exceptions were filed to the report of sale and an order confirming the report was entered in January, 1931. The master commissioner's report of moneys collected and assets received showed a total of $5,117.34. His report of claims showed preferred claims amounting to $1,242.65 and common claims amounting to $4,506.25. Exceptions were filed to two of the claims listed by the commissioner. In overruling the exceptions to one of the claims a special judge entered an order which follows in part:

"It is therefore ordered by the court that said claim be, and the same is, allowed in full, but it further appearing to the court that the funds in the hands of the Administrator and Master Commissioner are not sufficient to pay the claims against the said estate in full, but this claim as well as all other common claims, is ordered paid in the proportion that it bears to the full amount now in the hands of the Administrator or the Master Commissioner, after the payment of the preferred claims against said estate."

It can be seen from what has been said that the record shows that the deceased was involved to the extent that his assets would not meet his liabilities; that the judgment directed that Tract No. I be sold first and

that Tract No. II not be sold if Tract No. I brought as much as $4,000; and that an order of a special judge recited that the assets were not sufficient to meet the liabilities and all claims were ordered paid proportionately after the payment of the preferred claims.

The statement and amended statement of appeal show the following parties as appellants; Grant Howard and Sarah Jane Fuson, as statutory guardian for Green Howard, Julia O. Howard and Jencie Howard, and Green Howard, Julia O. Howard and Jencie Howard. The statement is made that Grant Howard was 12 years of age at the time the petition was filed in February, 1930. We note from the record, however, that the administrator testified on cross-examination that Grant was 13 years of age at the time he gave his deposition (August, 1930). It is obvious from this that Grant had reached the age of 21 by August, 1938. It was necessary, as provided in Section 745 of the Civil Code of Practice, that in case Grant desired to appeal from the judgment entered in 1930, after becoming 21 years of age, he do so within a year after that time. The appeal was not filed until December 30, 1939. Grant's appeal was too late. It is therefore dismissed. We think, however, that the appeal of the statutory guardian for those children who were still infants at the time it was filed was in time. Parks v. Barnes, 173 Ky. 589, 191 S. W. 447, and cases cited therein.

We have noted that objection was raised as to the manner in which depositions were taken. Section 574 of the Civil Code of Practice provides that depositions must be taken on interrogatories if all of the parties against whom a deposition is to be read have been constructively summoned and have not appeared, or if they be defendants and under disability, other than coverture or infancy and coverture combined. But we have noted that certain known creditors were made parties defendant along with the statutory guardian and the infants. It is pointed out that the creditors were not notified of the taking of depositions and that they were not present, but it was for the creditors to complain of this and not the infants or their statutory guardian. They, as well as the infants, were parties defendant, and it was not necessary that the depositions be taken on interrogatories. Whittaker v. Prater, 239 Ky. 173, 39 S. W. (2d) 248.

It is next insisted that the infant children should have been allowed a homestead. Section 1707 of the Statutes. No claim was set up for a homestead for the children, as will be noted from the prayer of the answer heretofore quoted. The judgment in effect directed that no more of the property be sold than would realize $4,000. We have noted also that the receipts from the sale of the realty, plus the other assets of the estate, were insufficient to meet the liabilities in full. Furthermore, we find no showing in the record which would have warranted the setting aside of a homestead for all of the children or those who may have been entitled to it. See Section 1702 of the Statutes.

There is also some contention that Jakie Howard, who has been made an appellee in the amended statement of appeal, was not a bona fide purchaser. The property was appraised at $4,100 and he purchased it for $3,650. We find no basis in this record for the conclusion that he was not a bona fide purchaser.

The cases of Bennett v. Owen, 183 Ky. 233, 208 S. W. 815, and Hill v. Adams, 190 Ky. 224, 227 S. W. 148, are cited in support of the contention that the judgment ordering the sale of the property was absolutely void. The Bennett case is stressed. An examination of both of these cases will reveal circumstances materially different from those in the case at bar. They are not controlling here.

It is our conclusion, therefore, that the judgment should be and it is affirmed.